CA 07 237

**STOCK PURCHASE AGREEMENT**

**AGREEMENT made as of January 1, 2001 between Darlene Mindy Goldberg ("Seller"), an individual residing at 501 Reis Avenue Teaneck, NJ 07666 and Michael Grady ("Purchaser"), an individual residing at 100 Jefferson Drive East Greenwich, RI 02818.**

**WITNESSETH**

**WHEREAS, Seller owns two thousand (2000) shares (the "Issued Shares") of common stock, no par value, of UNIVERSAL SOURCING, INC. (The "Corporation") representing all of the issued and outstanding shares of the Corporation, and**

**WHEREAS, Purchaser desires to purchase 50% of the Issued Shares (i.e. 2000 shares, the "Shares"), and the seller desires to sell the Shares to Purchaser, pursuant to the terms and conditions of this agreement.**

**NOW, THEREFORE, the parties agree as follows:**

**1.** **Sale of the Shares. Seller hereby sells to the Purchaser, and Purchaser hereby purchases from Seller, the Shares for the price and upon the terms and conditions set forth in the Agreement.**

**2.** **Purchase Price. The aggregate consideration (the "Price") to be paid by Purchaser for the Shares is $ 30,000.00. The price shall be paid as follows:**

**2.1** **Cash: $ 30,000.00 in cash or by unendorsed check payable to the order of the Seller delivered simultaneously with the execution and delivery of this Agreement.**

**3.** **Delivery of the Shares: Seller has simultaneously herewith delivered the Shares to Purchaser. To accomplish such delivery, Seller has tendered the certificate for the Shares together with the necessary stock power. Purchaser shall be responsible for obtaining and affixing any requires stock transfer stamps.**

**4.** **Additional Terms and Conditions.**

**4.1** **S Corporation Status: The parties acknowledge that the Corporation has elected under the Internal Revenue Code of 1986, as amended, to be treated as an S Corporation.**

Page(1) MG DMG

[redacted]

**4.2 Distributions**

**4.2.1 Acknowledgement. The parties acknowledge that as a result of the Corporation's S Corporation status, Seller, as a shareholder of the Corporation has been individually subject to income taxes based upon the corporate earnings of the Corporation.**

**4.2.2 Entitlement. Should the Corporation declare and pay at any time from and after the date of this Agreement a distribution with respect to the Shares which relates to the income of the Corporation for any period prior to the date of this Agreement (the Pre-Closing Time Period) then the parties agree that the Seller shall be deemed the party entitled to such distribution, notwithstanding Purchaser's ownership of the Shares at the time of the declaration and payment of such distribution. This section 4.2.2 shall apply, however, only to a distribution specifically relating to the Pre-Closing Time Period income of the Corporation, and Purchaser shall be entitled to retain for himself all other distributions with respect to the Shares which are declared and paid from and after the date of this agreement.**

**5. Representations.**

**5.1 Seller. Seller hereby represents and warrants to Purchaser that:**

**5.1.1 She owns the Shares free and clear of all liens and encumbrances.**

**5.1.2 She has full power and authority to execute, deliver and perform this Agreement, including the sale of the shares.**

**5.1.3 No brokers or agents were involved in connection with her sale of the Shares to Purchaser or otherwise in connection with her negotiation, execution, delivery or performance of this Agreement.**

**5.2 Purchaser. Purchaser hereby represents and warrants to Seller that:**

Page (2) [initials]

5.2.1 He has full power and authority to execute, deliver and perform this Agreement, including the acquisition of the Shares.

5.2.2 He is a key employee of the Corporation and is fully familiar with the business and operations of the Corporation, has made such investigation of the Corporation as he has deemed advisable and believes that the price is fair and reasonable.

5.2.3 No brokers or agents were involved in connection with his acquisition of the Shares from Seller or otherwise in connection with the negotiation, execution, delivery or performance of this Agreement.

5.3 Survival. The representations, warranties and covenants contained in this Agreement, including those set forth in sections 4 and 5 shall survive the closing. Each party hereby agrees to indemnify and hold harmless the other party from and against any loss, liability or expense (including, without limitation, reasonable attorneys fees) which such other party may incur due to the breach of any representation, warranty or covenant of the indemnifying party.

6. Miscellaneous.

6.1 Captions. Headings contained in this Agreement have been inserted for reference purposes only and shall not be construed as part of this Agreement.

6.2 Entire Agreement. This Agreement represents the entire agreement between the Seller and Purchaser regarding the subject matter hereof and cannot be modified or terminated, nor may any of its provisions be waved, except by a written instrument signed by Seller and Purchaser. There are no representations, warranties or covenants except as expressly set forth in this Agreement.

6.3 Governing Law. This Agreement has been made and entered into in the State of New Jersey and shall be governed by and construed and enforced in accordance with the internal substantive laws of the State of New Jersey.

6.4 Notices. Any notice or other communication given or made pursuant to this Agreement must be in writing and shall be delivered to the person to whom intended at the address set forth above (or at such other address as such person may designate by proper notice) by personal delivery, by teleciopier, by nationally recognized carrier (Federal Express, DHL, Express Mail, etc.) or by certified or registered mail, postage prepaid, and shall be deemed given when personally delivered or sent by telecopier or two (2) business days after deposit with a courier or five (5) business after mailing.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

SELLER:

Darleen Mindy Goldberg

Witness

PURCHASER:

Michael Grady

Witness