UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary, | : | |
| | : | |
| Plaintiff, | : | Case No: 07-237S |
| | : | |
| -against- | : | |
| | : | |
| EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants Edward Goldberg, Mindy Goldberg, and Universal Sourcing, Inc. (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), 9(b), and 28 U.S.C. §§ 1404(a) and 1406(a), hereby move: (i) to dismiss the complaint in its entirety; (ii) to dismiss the complaint as against defendant Mindy Goldberg for lack of personal jurisdiction; or, alternatively, (iii) to transfer this action to the United States District Court for the District of New Jersey. Defendants rely on their Memorandum of Law in Support of Their Motion to Dismiss and Transfer and on the Declarations of Jay S. Auslander, Edward Goldberg, and Darlene Mindy Goldberg submitted herewith.

EDWARD GOLDBERG,
MINDY GOLDBERG, and
UNIVERSAL SOURCING, INC.

By their Attorneys,

/s/ Armando E. Batastini
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander *(pro hac vice)*
Natalie Shkolnik *(pro hac vice)*
Joseph Zelmanovitz (Of Counsel) *(pro hac vice)*
675 Third Avenue – 9th Floor
New York, NY 10017
(212) 421-2233
(212) 752-6380 (fax)

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 12(b), Defendants believe that oral argument may assist the Court, and consequently hereby request oral argument regarding this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2007, I caused a true copy of the within Motion to Dismiss and Transfer to be delivered by first class mail, postage prepaid, to the following party:

Michael F. Grady, *pro se*
100 Jefferson Drive
East Greenwich, RI 02818

/s/ Armando E. Batastini

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary,<br><br>Plaintiff,<br><br>-against-<br><br>EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No: 07-237S |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TO TRANSFER THE ACTION TO THE DISTRICT OF NEW JERSEY**

EDWARD GOLDBERG,
MINDY GOLDBERG, and
UNIVERSAL SOURCING, INC.

By their Attorneys,

Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander *(pro hac vice)*
Natalie Shkolnik *(pro hac vice)*
Joseph Zelmanovitz (Of Counsel) *(pro hac vice)*
675 Third Avenue – 9th Floor
New York, NY 10017
(212) 421-2233
(212) 752-6380 (fax)

## TABLE OF CONTENT

PRELIMINARY STATEMENT ........................................................................................1

THE ALLEGATIONS OF THE COMPLAINT ..............................................................................2

ARGUMENT ..................................................................................................................6

I. The Legal Standard Governing Motions To Dismiss Compels Dismissal Of The Complaint .......................................................................................................6

II. The Complaint Fails To Plead A Claim For Fraudulent Inducement ...............................7

III. The Complaint Contravenes Stringent Pleading Requirements of Rule 9(b) ......................9

IV. The Court Lacks Personal Jurisdiction Over Mindy Goldberg ......................................11

A. There Is No Specific Personal Jurisdiction Over Mindy Goldberg ...............................13

1. "Relatedness" Is Absent ............................................................................13

2. Mindy Goldberg Never Purposefully Availed Herself Of Rhode Island Jurisdiction ..14

3. It Is Not Reasonable To Subject Mindy Goldberg To Rhode Island Jurisdiction ........15

B. There Is No General Personal Jurisdiction Over Mindy Goldberg ...............................16

V. Alternatively, The Court Should Transfer This Action To The District Of New Jersey ..........17

CONCLUSION ................................................................................................................20

# TABLE OF AUTHORITY

## Cases

Alternative System Concepts, Inc. v. Synopsys, Inc.,
374 F.3d 23 (1st Cir. 2004) .......... 9, 10

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007) .......... 6, 7, 9

Bogosian v. Bederman,
823 A.2d 1117 (2003) .......... 8

Boit v. Gar-Tec Prods., Inc.,
967 F.2d 671 (1st Cir. 1992) .......... 12

Bourdon's, Inc. v. Ecin Indus., Inc.,
704 A.2d 747 (1997) .......... 7

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) .......... 15

Cardoso v. Mendes,
No. C.A. 94-6214, 1998 WL 321439 (R.I. Super., June 9, 1998) .......... 8

Cassidy v. Lonquist Management Co.,
920 A.2d 228 (2007) .......... 14

Cerberus Partners, L.P. v. Gadsby & Hannah, LLP,
836 A.2d 1113 (2003) .......... 17

Cianbro Corp. v. Curran-Lavoie, Inc.,
814 F.2d 7 (1st Cir. 1987) .......... 18

Coady v. Ashcraft & Gerel,
223 F.3d 1 (1st Cir. 2000) .......... 18

Conely v. Gibson,
355 U.S. 41 (1957) .......... 6

Conn v. ITT Aetna Finance Co.,
105 R.I. 397, 252 A.2d 184 (1969) .......... 17

Cruz v. Hartford Cas. Ins. Co.,
No. C.A. 005-38S, 2005 WL 1231965 (D. R.I., May 20, 2005) .......... 19

Feinstein v. Brown,
304 F. Supp. 2d 279 (D. R.I. 2004) .......... 19

Goldlawr, Inc v. Heiman,
369 U.S. 463 (1962) ........ 18

GTECH Holdings Corp. Sec. Litig.,
Civ. A. No. 94-0294P, 1995 WL 500414 (D. R.I., Mar. 16, 1995) ........ 10

Guilbeault v. R.J. Reynolds Tobacco Co.,
84 F.Supp. 2d 263 (D. R.I. 2000) ........ 6

Haft v. Eastland Financial Corp.,
755 F.Supp. 1123 (D. R.I. 1991) ........ 9, 10

Hainey v. World AM Communications, Inc.,
263 F. Supp. 2d 338 (D.R.I. 2003) ........ 12, 13, 14, 15

Hasbro, Inc. v. Mikohn Gaming Corp.,
491 F.Supp. 2d 256 (D. R.I. 2007) ........ 8

LaFazia v. Howe,
575 A.2d 182 (1990) ........ 7, 8

Microfibres, Inc. v. McDevitt-Askew,
20 F. Supp. 2d 316 (D. R.I. 1998) ........ 12, 14, 16

Morel v. Estate of Davidson,
148 F. Supp. 2d 161 (D. R.I. 2001) ........ 16

Negron-Torres v. Verizon Communications, Inc.,
478 F.3d 19 (1st Cir. 2007) ........ 11, 12, 13, 17

New England Data Services, Inc. v. Becher,
829 F.2d 286, 289 (1st Cir. 1987) ........ 10

Nicholas v. Buchanan,
806 F.2d 305 (1st Cir. 1986) ........ 11, 17

Phillips Exeter Academy v. Howard Phillips Fund,
196 F.3d 284 (1st Cir. 1999) ........ 13

Sawtelle v. Farrell,
70 F.3d 1381 (1st Cir. 1995) ........ 11, 14

Sekuk Global Enterprises v. KVH Indus., Inc.,
No. Civ. A 04-306 ML, 2005 WL 1924202, (D. R.I., Aug. 11, 2005) ........ 9

Stebbins v. Wells,
766 A.2d 369 (2001) ........ 8

Sullivan v. Tagliabue,
785 F. Supp. 1076 (D. R.I. 1992) .......... 18

Suna v. Bailey Corp.,
107 F.3d 64 (1st Cir. 1997) .......... 9

SW Indus., Inc. v. Aetna Cas. & Sur. Co.,
653 F. Supp. 631 (D. R.I. 1987) .......... 19

Ticketmaster-New York, Inc. v. Alioto,
26 F.3d 201 (1st Cir. 1994) .......... 11, 13, 14, 16

United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp.
(Pleasant Street I), 960 F.2d 1080 (1st Cir. 1992) .......... 13, 15

United States v. AVX Corp.,
962 F.2d 108 (1st Cir. 1992) .......... 6

United States ex rel. Karvelas v. Melrose-Wakefield Hospital,
360 F.3d 220 (1st Cir. 2004) .......... 9, 10

**Statutes**

28 U.S.C. § 1404(a) .......... 1, 2, 18, 21

28 U.S.C. § 1406(a) .......... 1, 2, 18, 21

Fed. R. Civ. P. 9(b) .......... 1, 6, 9, 10

Fed. R. Civ. P. 12(b)(2) .......... 1

Fed. R. Civ. P. 12(b)(6) .......... 1, 6, 7, 8

Defendants Edward Goldberg, Mindy Goldberg, and Universal Sourcing, Inc. ("USI"), respectfully submit this moving memorandum of law in support of their motion for an order: (i) dismissing the complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b); (ii) dismissing the complaint as against defendant Mindy Goldberg, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction; or (iii) alternatively, transferring the action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## PRELIMINARY STATEMENT

Plaintiff Michael F. Grady ("Grady"), a Rhode Island resident, brings this action against defendants, each a resident of the State of New Jersey, alleging that he was fraudulently induced to enter into a contract in 2001, by which he supposedly purchased a 50% interest in USI.

There is not one fact in the complaint that supports this claim. Other than conclusory allegations (indeed, the allegations of Grady's claim amount to no more than a formulaic recitation of the elements of a claim for fraudulent inducement), not one fact describes the alleged "misrepresentation" that supposedly "induced" Grady to enter into the agreement. The complaint violates basic rules of pleading promulgated by the United States Supreme Court and it should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, the lack of factual detail in the complaint is grounds for dismissal under Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff plead the circumstances of an alleged claim of fraud with particularity. The First Circuit construes Rule 9(b) as requiring the pleader, among other things, to describe the content of the alleged

misrepresentation and to set forth the date, time, and place of it. None of that necessary detail is found in this complaint.

With respect to defendant Mindy Goldberg, as explained in her accompanying declaration, her lack of contacts with Rhode Island compels the dismissal of the complaint as against her for lack of personal jurisdiction. As we explain below, Grady cannot rely on conclusory, unidentified "misrepresentations" alleged to have been made by Mindy Goldberg in Rhode Island (which she specifically denies); such generalized allegations do not satisfy the plaintiff's burden of establishing personal jurisdiction over a defendant.

Given the fundamental defects of the complaint, outright dismissal is warranted. Nevertheless, to the extent the Court is not inclined to dismiss the action, it should be transferred to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § § 1404(a) or 1406(a). New Jersey is clearly the appropriate forum in which this matter should be adjudicated: All of the parties, except for Grady, are New Jersey residents; the relevant documents and files are located in New Jersey, key witnesses are subject to compulsory process in New Jersey but not in Rhode Island; and the agreement on which Grady relies and which he claims he was fraudulently induced to enter into states *expressly* that it was entered into in New Jersey and is to be governed by New Jersey law. This alone evinces Grady's expectation that any dispute arising from the alleged agreement would be and should be litigated in New Jersey.

## THE ALLEGATIONS OF THE COMPLAINT

Grady's complaint starts off sounding like a claim for breach of contract, but it then reverts to a "fraudulent inducement" claim -- without ever alleging that Grady had even performed under the alleged contract he was supposedly fraudulently induced to enter (as we show, below, Grady does not even allege that he paid the consideration required for the shares of

stock in USI that he was allegedly purchasing). The confusion generated by the pleading makes it difficult, if not impossible, to frame an adequate response. Nevertheless, for the purpose of demonstrating that the complaint fails to state a claim for relief, we summarize, below, the allegations of the complaint.

The complaint acknowledges that both Edward Goldberg and Mindy Goldberg reside in New Jersey. (Complaint ¶¶ 1-2). It further acknowledges that USI is a New Jersey corporation with its principal place of business located in New Jersey. The complaint alleges in cryptic fashion that USI conducts "substantial" business in Rhode Island, although it does not describe that business. (*Id.* ¶ 3). The complaint alleges further that the Goldbergs, themselves, also conduct "substantial" business in Rhode Island but, again, the complaint does not describe that business. (*Id.* ¶ 3).

The complaint then alleges in conclusory fashion that "each" of the Goldbergs "made representations and admissions to Grady" in Rhode Island "with respect to the transaction which is the subject matter of" the complaint (*id.*); but the complaint *never* details when any statements were made, by whom the statements were made and to whom they were made, where the statements were made, and -- the most basic detail of all -- the content of the alleged "representations and admissions."

The complaint then refers to matters long pre-dating the alleged agreement into which Grady claims he was fraudulently induced. Thus, the complaint alleges that "[o]n or about 1997, the Goldbergs purportedly offered Grady "the opportunity to own 50% of USI," in exchange for Grady paying USI his 50% of the net profits he earned on certain transactions. (*Id.* ¶ 9). But even according to the complaint, this agreement was never consummated. (*Id.* ¶ 14).

The complaint then alleges that, four years later, in January 2001, an agreement for Grady's purchase of a 50% interest in USI was "prepared and executed." (*Id.* ¶ 15). According to the complaint, the alleged consideration for Grady's acquisition was $30,000. (*Id.*)

There are two key points concerning this $30,000 consideration: First, the complaint never alleges that Grady actually paid the $30,000 for his shares. Second, according to Grady (although defendants deny this vehemently), he (Grady) participated in bank fraud by agreeing to recite this $30,000 consideration in the agreement (to the extent he is also claiming that the parties never intended for him to pay it), because "the SBA lender to USI would not accept and approve the transaction" without it. (*Id.*) It is indeed ironic (to say the least) that Grady would commit bank fraud in a transaction and then claim that *he* was fraudulently induced to enter into it.

The complaint then alleges that defendants refused to deliver the shares of stock to Grady. (*Id.* ¶ 18). Towards the end of 2001, Grady allegedly threatened that, to the extent the transaction was not consummated, "he would revert back to the old arrangement he had with USI," although precisely what this "old arrangement" was is not disclosed. (*Id.* ¶ 19).

The complaint then alleges that the shares of stock were delivered to Grady in February 2002. (*Id.* ¶ 20). It is further alleges that Mindy Goldberg represented and warranted "in the Agreement" (not separately, or orally) that the USI shares "would be free of all liens" and that she had the power and authority to sell and transfer the shares. (*Id.* ¶ 21).

The complaint alleges that "[n]otwithstanding the Agreement reached between" defendants and Grady, defendants "have failed and refused to honor the ownership interest of Grady in USI." The complaint then details the supposed effects of Grady not having that ownership interest (*e.g.*, no schedule K-1's). (*Id.*)

From the above claim of breach of the agreement (and at most that is all that is alleged, although Grady does not even allege that he paid the stated consideration), the complaint takes the enormous leap of contending that "[a]s a proximate cause of the *misrepresentations* made to Grady by the Goldbergs and USI, Grady has suffered substantial damages… ." (*Id.* ¶ 22; emphasis added). There is not even a hint, however, as to the substance of the "misrepresentations," nor is there any allegation as to when they were allegedly made, whether defendants knew they were untrue when they allegedly made them (whatever they are), and similar details necessary to support a claim for fraudulent inducement.

The complaint then makes several charges, not one of which, even if true (which they are not) are relevant to the fraudulent inducement claim, because all post-date Grady's entry into the agreement. For example, the complaint alleges that "the Goldbergs have usurped patents" (*id.* ¶ 23), but there is no claim for relief based on that alleged usurpation. The complaint also charges that defendants refused to "deliver the representation of the ownership interest of Grady" in a manufacturing plant in China (*id.* ¶ 24) but, again, this is merely a *non sequitur* in the complaint.

The sole claim for relief ("Count I") is entitled "fraud in the inducement." As set forth above, however, the complaint only lists the elements of a fraudulent inducement claim; it sets forth not a single fact in support of that claim. Thus, the complaint alleges that defendants fraudulently induced Grady to enter into the alleged agreement (*id.* ¶ 27), without explaining how he was fraudulently induced to do so; the complaint mentions "representations and concealments" by defendants (*id.* ¶ 28), without describing the alleged representations, much less providing particulars as to when, where, and how the representations were made and who made them; the complaint alleges that Grady "reasonably and justifiably relied upon the misrepresentations and concealments" (*id.*), without providing any facts to support that

conclusory statement; and the complaint alleges that the "misrepresentations and concealments" "proximately caused Grady to suffer significant damages" (*id.* ¶ 29), without explaining that statement either.

As we now show, the complaint must be dismissed pursuant to Rule 9(b) and 12(b)(6).

## ARGUMENT

### I
### THE LEGAL STANDARD GOVERNING MOTIONS TO DISMISS COMPELS DISMISSAL OF THE COMPLAINT

Grady obviously has taken the courts' liberal approach to Rule 12(b)(6) motions as a license to omit essential facts from the complaint. While it is well established that "[d]ismissal under Rule 12(b)(6) is appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim,'" *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F.Supp. 2d 263, 367 (D. R.I. 2000) (quoting *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)), this Court has warned the pleader that *facts*, not mere conclusions, are still necessary in order to stave off dismissal:

> The standard "does not mean...that a court must (or should) accept every allegation made by the complaint, no matter how conclusory or generalized... '[E]mpirically unverifiable' conclusions, not 'logically compelled, or at least supported, by the stated facts,' deserve no defense."

*Guilbeault*, 84 F.Supp. 2d at 267 (quoting *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992)).

The requirement to plead *facts* was recently affirmed by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, …a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… .

127 S. Ct. at 1964-65.

And that is all that this complaint provides: conclusions and a "formulaic recitation" of the elements of a cause of action for fraudulent inducement. The Supreme Court of the United States and this Court have held this to be deficient and subject to dismissal under Rule 12(b)(6).

Accordingly, the complaint should be dismissed.

## II
## THE COMPLAINT FAILS TO PLEAD A CLAIM FOR FRAUDULENT INDUCEMENT

The basic definition of fraud in the inducement highlights the defects in Grady's claim:

> Fraud in the inducement is defined as "[m]isrepresentation as to the terms, quality or other aspects of a contractual relation, venture or other transaction that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken."

*Bourdon's, Inc. v. Ecin Indus., Inc.*, 704 A.2d 747, 753 (1997) (quoting Black's Law Dictionary 661 (6th ed. 1990)).

Grady has failed to plead any facts fitting this definition: He has not disclosed the contents of the alleged misrepresentations and he has not alleged how he was supposedly led to believe the misrepresentation and entered into the agreement to acquire shares of stock in USI. Indeed, there is not one fact alleged showing that Grady actually *relied* on any misrepresentation – another key element of a claim for fraudulent inducement. *See LaFazia v. Howe*, 575 A.2d 182, 185 (1990) ("It is fundamental to actions predicated on the theory of deceit that the party

claiming deceit present evidence that shows that he or she was induced to act because of his or her reliance upon the alleged false representations"). In fact, Grady does not even allege that he believed that the alleged misrepresentations (whatever they supposedly are) were true. *See also* *Cardoso v. Mendes*, No. C.A. 94-6214, 1998 WL 321439, at *7 (R.I. Super., June 9, 1998) ("The question is 'not whether the representation is knowingly false, but whether the other party believed it to be true and thus was misled by such a representation into making the contract'" (quoting *LaFazia v. Howe*, 575 A.2d 182, 185 (1990)).

The pleading fails utterly to allege facts supporting a fraud claim. "To establish a prima facie damages claim in a fraud case, 'the plaintiff must prove that the defendant "made a false representation intending thereby to induce plaintiff to rely thereon" and that the plaintiff justifiably relied thereon' to his or her damage." *Bogosian v. Bederman,* 823 A.2d 1117, 1120 (2003) (quoting *Stebbins v. Wells*, 766 A.2d 369, 372 (2001)). *See Hasbro, Inc. v. Mikohn Gaming Corp.*, 491 F.Supp. 2d 256, 264 (D. R.I. 2007) (same).

Grady merely gives lip service to the legal elements of his claim without alleging any facts showing the misrepresentations, the fraudulent inducement, or his justifiable reliance on the misrepresentations.

Accordingly, the claim for fraud in the inducement, the only claim in the complaint, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III
## THE COMPLAINT CONTRAVENES THE STRINGENT PLEADING REQUIREMENTS OF RULE 9(b)

We explain above that the complaint does not satisfy the pleading requirements of the Federal Rules, regardless of the nature of the claim. *See Bell Atlantic v. Twombly*, 127 S. Ct. at 1964-65 ("more than labels and conclusions" must be plead).

Fed. R. Civ. P. 9(b) highlights the defects in Grady's complaint even more, for pursuant to Rule 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

The First Circuit has construed Rule 9(b) so as to require a plaintiff pleading fraud to

> (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.

*Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997) (citations and quotations omitted). *See Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (under Rule 9(b), "the pleader usually is expected to testify the who, what, where, and when of the allegedly false or fraudulent representation"); *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 226 (1st Cir. 2004) ("Rule 9(b) requires that a plaintiff's averments of fraud specify the time, place, and content of the alleged false or fraudulent representations").

The pleading must allege "the reason why the statements are fraudulent, *Sekuk Global Enterprises v. KVH Indus., Inc.*, No. Civ. A 04-306 ML, 2005 WL 1924202, at *6 (D. R.I., Aug. 11, 2005); "*how* the challenged statements are misleading" and "what is untrue about each of the challenged statements," *Haft v. Eastland Financial Corp.*, 755 F.Supp. 1123, 1128 (D. R.I. 1991) (emphasis in original); and "*specific facts*" showing that it is "reasonable" to believe that the

defendant "knew that [the] statements were materially false or misleading when made," *In re GTECH Holdings Corp. Sec. Litig.*, Civ. A. No. 94-0294P, 1995 WL 500414 (D. R.I., Mar. 16, 1995) (emphasis in original).

Grady's complaint violates Rule 9(b) in every respect: It does not specify the contents of the alleged misrepresentations; it does not identify the speakers of the alleged misrepresentations; it does not specify where and when the statements were made; and it does not explain why the statements (which are not described) were fraudulent. Dismissal of a complaint is appropriate when these specifics are missing. *See, e.g., Alternative System Concepts*, 374 F.3d at 30 (complaint "did not provide any details as to who allegedly uttered the misleading statements, to whom they were made, when they occurred, and what actions they engendered…the district court's dismissal of that barebones claim was entirely proper").

Rule 9(b) serves the purposes, among other things, of enabling defendants "to prepare a meaningful response" to the complaint and "to safeguard defendants from frivolous charges which might damage their reputations." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987); *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d at 226 (same); *Haft*, 755 F.Supp. at 1127 (same). Defendants cannot possibly prepare a meaningful response to this complaint, especially where the alleged misrepresentations are not even described. They should not have to abide by scurrilous accusations of fraud which are not supported by the facts.

Accordingly, pursuant to Rule 9(b), the complaint should be dismissed.

## IV
## THE COURT LACKS PERSONAL JURISDICTION OVER MINDY GOLDBERG

There are no contacts between defendant Mindy Goldberg and Rhode Island sufficient to subject her to personal jurisdiction here. As set forth in her accompanying declaration, Ms. Goldberg resides in New Jersey and has never resided in Rhode Island. She does not own any real estate or other property in Rhode Island. She has never been employed in Rhode Island; nor has she ever been employed by USI, which is a New Jersey corporation.[1] Mindy Goldberg has never personally transacted business in Rhode Island. In fact, Ms. Goldberg has never even visited Rhode Island. As for Grady's claims that certain unidentified representations were made to him in connection with the alleged contract to purchase shares in USI, not one of those representations (if there were any, which defendants deny) was made by Mindy Goldberg. As set forth below, these facts compel the dismissal of this action as against Mindy Goldberg for lack of personal jurisdiction.

In order to subject a non-resident of Rhode Island to personal jurisdiction in a case where, as here, jurisdiction is based on diversity, the court "must find contacts that, in the aggregate satisfy the requirements of both the forum state's long-arm statute and the due process clause of the Fourteenth Amendment." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994) (footnote omitted). The burden is on the plaintiff to establish personal jurisdiction over a defendant. *Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007); *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995); *Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir. 1986) (plaintiff "did not satisfy his burden of proving facts necessary to sustain personal jurisdiction"); *Hainey v. World AM Communications, Inc.*, 263 F. Supp. 2d 338, 341

---

[1] Mindy Goldberg is an officer of USI, as its president, but is not an employee and she received no compensation from USI.

(D.R.I. 2003) ("The burden of establishing personal jurisdiction over the defendant rests on the plaintiff").

The most recent expression of this rule by the First Circuit makes clear that the plaintiff cannot merely rest on its pleadings; it has the burden to provide evidence supporting its jurisdictional claim:

> A district court deciding a motion to dismiss for want of personal jurisdiction should apply the *prima facie* standard, under which the district court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." ...However, "[t]he prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record." ...In other words, "[t]he plaintiff must go beyond the pleadings and make affirmative proof."

*Negron-Torres*, 478 F.3d at 23 (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)). *See Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 319-20 (D. R.I. 1998) ("plaintiff may not merely rely on its pleadings; it must make its case based on facts set forth in the record").

The burden on plaintiff to establish personal jurisdiction over a defendant extends "to *every fact* required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." *Hainey*, 263 F. Supp.2d at 341 (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d at 675) (quotations omitted). Rhode Island's long-arm statute provides for jurisdiction to the extent permitted by the Fourteenth Amendment, *Hainey, supra*;[2] therefore, the Court need only

---

2 The Rhode Island long-arm statute provides:

> Every foreign corporation, every individual not a resident of this state...and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island...in every case not contrary to the provisions of the constitution or laws of the United States. R.I. Gen. Laws § 9-5-33(a).

determine that the invocation of personal jurisdiction over Mindy Goldberg violates the Fourteenth Amendment in order to dismiss the action against her.

As we now show, Fourteenth Amendment considerations of due process require that a plaintiff prove the existence of either "specific" jurisdiction, or "general" jurisdiction. *Negron-Torres*, 478 F.3d at 24. Grady can prove neither.

## A. There Is No Specific Personal Jurisdiction Over Mindy Goldberg

In order to prove "specific" personal jurisdiction, a plaintiff must show that the "cause of action arises directly out of, or relates to, the defendants' forum-based contacts." *Negron-Torres,* 478 F.3d at 24 (quoting *United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp. (Pleasant Street I)*, 960 F.2d 1080, 1088-89 (1st Cir. 1992)). The First Circuit analyzes whether this burden is satisfied under three criteria: (i) relatedness, (ii) purposeful availment, and (iii) reasonableness. "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." *Phillips Exeter Academy v. Howard Phillips Fund,* 196 F.3d 284, 288 (1st Cir. 1999).

### 1. "Relatedness" Is Absent

Grady cannot establish "specific" personal jurisdiction over Mindy Goldberg because the requirement of "relatedness" requires a "proximate cause" nexus between the cause of action and Mindy Goldberg's Rhode Island contacts. *Negron-Torres*, 478 F.3d at 24-25. *See Ticketmaster-New York, Inc.*, 26 F.3d at 207 ("relatedness" "ensures that the element of causation remains in the forefront of the due process investigation"). That nexus is missing here, because Mindy Goldberg had no contacts with Rhode Island. And she never spoke to Grady about the subject matter of Grady's purported agreement. *See Hainey*, 263 F.Supp. 2d 342 (finding "relatedness" absent where most of the meetings between plaintiff and defendant substantiating plaintiff's

claim occurred out of state). Moreover, the alleged contract which is the subject of the complaint specifies that it was entered into in New Jersey and is to be governed by New Jersey law. *See Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d at 321 (no "relatedness" found where contract was negotiated and entered into in North Carolina).

### 2. Mindy Goldberg Never Purposefully Availed Herself of Rhode Island Jurisdiction

"The purposeful availment test focuses on the deliberateness of the defendant's [Rhode Island] contacts." *Hainey*, 263 F. Supp. 2d at 343. The courts have analyzed this aspect of specific jurisdiction by determining whether it was foreseeable that the defendants' contacts with the forum state would subject her to suit in Rhode Island. *Ticketmaster-New York, Inc.*, 26 F.3d at 207; *Sawtelle*, 70 F.3d at 1391.

Given that Mindy Goldberg never transacted any personal business in Rhode Island – and certainly none with respect to Grady's claim – she could never foresee being subject to Rhode Island jurisdiction. *See Cassidy v. Lonquist Management Co.*, 920 A.2d 228 (2007) (single delivery in Rhode Island did not constitute purposeful availment of Rhode Island jurisdiction).

The complaint itself demonstrates that none of the defendants availed themselves of the privilege of conducting activities in Rhode Island -- especially not Mindy Goldberg. The alleged agreement attached as Exhibit A to the complaint provides expressly:

> 6.3 <u>Governing Law</u>. This Agreement has been made and entered into in the State of New Jersey and shall be governed by and construed and enforced in accordance with the internal substantive laws of the State of New Jersey.

As held by this Court in *Microfibres*, a choice of law provision indicates the forum whose benefits the parties availed themselves. *See* 20 F.Supp. 2d at 321 ("This Court has noted that a

defendants' consent to a choice of law provision is at least some indication that she purposefully availed herself of benefits from the forum state").

Moreover, to establish that a defendant purposefully availed herself of the privilege of engaging in activities in Rhode Island, "there must be a voluntary decision by the defendant to inject herself into the local economy as a market participant." *Id.* Such a suggestion regarding Mindy Goldberg is utter nonsense.

### 3. It Is Not Reasonable to Subject Mindy Goldberg to Rhode Island Jurisdiction

The "reasonableness" of subjecting a defendant to personal jurisdiction is analyzed under the "five Gestalt" factors enumerated by the First Circuit -- but this entire analysis is undertaken only where the "relatedness" and "purposeful availment" prongs of the specific jurisdiction test are satisfied, which they are not in our case. *Hainey*, 263 F. Supp. 2d at 337 (citing *United Elec. Workers*, 960 F.2d at 1091 n.11 ("The Gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled")).

In any event, Grady cannot establish that it would be reasonable to subject Mindy Goldberg to Rhode Island jurisdiction under the five Gestalt factors, which are:

> (1) the defendants' burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Hainey*, 263 F.Supp.2d at 343 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *United Elec. Workers*, 960 F.2d at 1088)).

There can be no legitimate dispute that (i) it would be burdensome for Mindy Goldberg, a resident of New Jersey who never even visited Rhode Island, to be subject to a lawsuit in Rhode Island;[3] (ii) Rhode Island has no particular interest in adjudicating what is essentially a private dispute concerning an ownership interest in a New Jersey corporation, pursuant to an alleged agreement "entered into" in New Jersey and "governed by" New Jersey law; (iii) effective relief can be obtained in New Jersey, where jurisdiction exists over all defendants and most witnesses; (iv) for the reasons set forth in "(ii)" above, Rhode Island's judicial system should have no particular interest in resolving this New Jersey-oriented controversy; and (v) there are no "substantive social policies" to be promoted by litigating this case here, as opposed to New Jersey.

Thus, none of the requisites of specific jurisdiction is satisfied.

## B. <u>There Is No General Personal Jurisdiction Over Mindy Goldberg</u>

"General jurisdiction is obtained when a defendant engages in activities that are so substantial and of such a nature that they will justify a lawsuit against her on causes of action distinct from those activities." *Microfibres*, 20 F. Supp. 2d at 320.

There is no question "that [Mindy Goldberg] did not have continuous and systematic contacts with Rhode Island," which are necessary in order to establish general jurisdiction. *Id.* In fact, Mindy Goldberg had no contacts with Rhode Island whatsoever. *See Morel v. Estate of Davidson*, 148 F. Supp. 2d 161, (D. R.I. 2001) (occasional visit to Rhode Island to advertise and recruit players for ball club does not constitute "continuous" and "systematic" contacts necessary for general jurisdiction); *Cerberus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113,

---

3 A non-resident defendant's burden to appear in the forum state is always a primary concern. *Ticketmaster-New York, Inc.*, 26 F.3d at 210 (quotation omitted).

1123 (2003) ("sporadic and incidental contacts with Rhode Island" do not establish general jurisdiction).

Moreover, the mere fact that Mindy Goldberg owns 100% of USI's stock does not make her, personally, subject to Rhode Island jurisdiction. *See Negron-Torres*, 478 F.3d at 27 (fact that wholly-owned subsidiary does business within a state does not confer personal jurisdiction over the parent). *See also Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 406, 252 A.2d 184, 188 (1969) (100% ownership of subsidiary which does business in the forum state "will not alone without more subject the parent to the jurisdiction of the local courts").

Grady cannot evade dismissal on grounds of lack of personal jurisdiction by relying on his overly-general and conclusory allegations concerning "misrepresentations." The "generalized reference to inter-state contacts 'via telephone communications' and 'via U.S. mail,' without more, is [not] sufficient to satisfy due process requirements." *Nicholas v. Buchanon*, 806 F.2d at 307. In Mindy Goldberg's case, there is not even an allegation of a communication by telephone or mail.

In sum, Grady cannot meet his burden of establishing special or general personal jurisdiction over Mindy Goldberg. Subjecting her to jurisdiction in Rhode Island would violate her due process rights. Accordingly, the complaint should be dismissed as against her.

## V
## ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF NEW JERSEY

This action should never have been brought in this judicial district, for there is barely a nexus between Grady's claim and this district. Accordingly, to the extent the Court is not

inclined to dismiss the complaint outright, it should transfer the action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

28 U.S.C. § 1404(a) provides:

> For the conveniences of parties and witnesses, in the interests of justice, a district court may transfer any civil action to another district or division where it might have been brought.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Section 1406(a) allows the transfer of a case "where the court lacks personal jurisdiction over the parties." *Sullivan v. Tagliabue*, 785 F. Supp. 1076, 1083 (D. R.I. 1992) (citing *Goldlawr, Inc v. Heiman*, 369 U.S. 463, 466 (1962)). Given the Court lacks personal jurisdiction over defendant Mindy Goldberg (*see* Part IV above), the action should be transferred to the District of New Jersey where personal jurisdiction exists over all defendants.

In any event, transfer is warranted under § 1404(a) which provides the appropriate remedy for an inconvenient forum. The factors to be considered by the Court in determining whether to grant a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), as far as is relevant to the facts of this case, are: "The convenience of parties and witnesses" and "the availability of documents." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). *See Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation").

Although there is a "strong presumption" favoring the plaintiff's choice of venue, this Court has stated, in a case involving two actions filed in different federal courts, that the presumption may be overcome by a showing that a "balance of convenience" favors transfer. *Feinstein v. Brown,* 304 F. Supp. 2d 279, 283 (D. R.I. 2004) (citing *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D. R.I. 1987).

> The factors traditionally weighed in the balance of convenience include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake.

*Cruz v. Hartford Cas. Ins. Co.*, No. C.A. 005-38S, 2005 WL 1231965, at *2 (D. R.I., May 20, 2005) (citing *Feinstein*, 304 F. Supp. 2d at 283).

The following analysis of these factors shows that transfer to the District of New Jersey is warranted.

(1) Plaintiff's Choice of Forum: As set forth above, this factor may be overcome by the "balance of convenience," which, in this case, tips decidedly towards transfer to the District of New Jersey. Moreover, in the alleged agreement to acquire shares of USI, a copy of which is attached to the complaint, Grady agreed that the contract was entered into in New Jersey and is to be governed by New Jersey law -- clearly indicating that Grady foresaw, and was agreeable to, adjudicating matters relating to the contract in New Jersey federal court.

(2) Convenience of the Parties: All parties, except plaintiff, are New Jersey residents. All would be inconvenienced by having to litigate this case hundreds of miles away from their home and businesses.

(3) Convenience of Witnesses and Location of Documents: As set forth in the accompanying declaration of defendant Edward Goldberg, the key witnesses (except for Grady) are out-of-state residents. These include a former employee and USI's accountant, who reside or work in New York City and are close to and within the subpoena power of the District of New Jersey. Documents are located at USI's offices in New Jersey.

(4) Connection Between the Forum and the Issues: There is no connection between Rhode Island and Grady's claim. On the other hand, there is a strong nexus between New Jersey and this action: The alleged agreement attached to Grady's complaint, on which Grady alleges an entitlement to shares of USI, provides expressly that it was entered into in New Jersey and is to be governed by New Jersey law.

(5) Law to Be Applied: As set forth above, New Jersey law is to be applied according to the agreement alleged by Grady.

(6) State or Public Interest: This is a private dispute, not impacting on any state interest of Rhode Island. Nevertheless, as the controversy pertains to the ownership of USI, a New Jersey corporation, New Jersey would have a greater interest in the adjudication of the dispute.

Thus, the balance of convenience clearly tips in favor of transferring the action to the New Jersey federal district court.

## CONCLUSION

For the above reasons, the complaint should be dismissed against all defendants for failure to state a claim and for failure to plead with particularity. Independent of these grounds, the complaint should be dismissed as against defendant Mindy Goldberg for lack of personal jurisdiction. And to the extent the Court is not inclined to dismiss the case outright, defendants

respectfully request that the action be transferred, pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), to the United States District Court for the District of New Jersey.

Dated: August 30, 2007

EDWARD GOLDBERG,
MINDY GOLDBERG, and
UNIVERSAL SOURCING, INC.

By their Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander *(pro hac vice)*
Natalie Shkolnik *(pro hac vice)*
Joseph Zelmanovitz (Of Counsel) *(pro hac vice)*
675 Third Avenue – 9th Floor
New York, NY 10017
(212) 421-2233
(212) 752-6380 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2007, I caused a true copy of the within Memorandum of Law in Support of Motion to Dismiss and Transfer to be delivered by first class mail, postage prepaid, to the following party:

Michael F. Grady, *pro se*
100 Jefferson Drive
East Greenwich, RI 02818

/s/ Armando E. Batastini