UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, | : | |
| | : | |
| Plaintiff, | : | Case No: 07-237ML |
| | : | |
| v. | : | |
| | : | |
| EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants Edward Goldberg, Mindy Goldberg, and Universal Sourcing, Inc. (collectively "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff Michael F. Grady's ("Plaintiff") Motion to Strike Defendants' Motion to Dismiss or Transfer.

**ARGUMENT**

Plaintiff's motion to strike is based on his mistaken belief that the brief extension of time allotted by the Court to defendants to "answer" the complaint precludes Defendants from responding to the complaint by moving to dismiss it.[1] Plaintiff, of course, is wrong.

Rule 12(a) of the Federal Rules of Civil Procedure addresses the time for a defendant to "answer" the complaint, which of course, may be extended by the court. The entirety of Rule 12, however, addresses answers *and motions* in the context of a response to a complaint. A

[1] Defendants' motion to dismiss was made pursuant to (i) Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground of the failure to state a claim for relief, (ii) Rule 9(b) of the Federal Rules of Civil Procedure, on the ground of the failure to plead a claim of fraud with particularity, and (iii) as to defendant Mindy Goldberg, Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.

defendant may respond to a complaint either by serving and filing an answer or by making a motion pursuant to one or more of the grounds enumerated in Rule 12(b).

Consistent with this well-established practice of pleading, in seeking an extension of time from the Court, Defendants requested an "extension of time within which to file their responsive pleading to the complaint…." The request, of course, was not limited to an extension of time only to file an "answer." Nor was there any waiver, express or implied, of Defendants' right to make a responsive motion under Rule 12(b).

Defendants respectfully suggest that the Court's "Text Order" of July 16, 2007, "Granting 3 Motion for an Extension of Time to File Answer," did not intend to limit Defendants to filing an answer only and to preclude substantive motions under Fed. R. Civ. P. 12(b).

## CONCLUSION

Therefore, Defendants respectfully request that Plaintiff's motion be denied.

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(fax) (401) 276-6611

SILLER WILK LLP
Jay S. Auslander (*Pro Hac Vice*)
Natalie Shkolnik (*Pro Hac Vice*)
Joseph Zelmanovitz (*Pro Hac Vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(fax) (212) 752-6380

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 21st day of September, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, and by facsimile to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini