UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. 07-237S ML

Plaintiff

v..

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**MOTION OF THE PLAINTIFF, MICHAEL F. GRADY TO COMPEL TAKING DEPOSITIONS OF MINDY GOLDBERG, EDWARD GOLDBERG AND JAY AUSLANDER OR, TO STRIKE THE AFFIDAVITS FILED BY DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER**

The Plaintiff, MICHAEL F. GRADY ("Grady"), pursuant to the Federal Rules of Civil Procedure and Local General Rules of the United States District Court for the District of Rhode Island, serves this his Motion to Compel Taking Depositions of Mindy Goldberg, Edward Goldberg and Jay Auslander, or, to Strike the Affidavits Filed By Defendants in Support of Their Motion to Dismiss or Transfer, and, as his grounds therefore, states as follows:

1. On August 30, 2007, the Defendant, Mindy Goldberg, served a Motion to Transfer on the basis that this Court has no in personam jurisdiction over her person because, even though she is the President and a Director of Defendant, Universal Sourcing, Inc., she allegedly personally never physically transacted any business in the State of Rhode Island.

2. In support of this Motion, Affidavits were filed by Edward Goldberg, Mindy Goldberg, and their New York City counsel, Jay Auslander. True and correct copies of the Affidavits are attached hereto for the ready reference of the Court and marked as Exhibit "1"..

3. The Plaintiff has requested to take depositions of the affiants in order to rebut the allegations in the affidavits, but, those requests were denied. A true and correct copy of the letter from Rhode Island counsel for the Defendants is attached hereto, made a part hereof, and, marked as Exhibit "2", which reveals the request for depositions solely on the jurisdictional issue was requested and denied.

4. A plaintiff may be entitled to a modicum of jurisdictional discovery from a defendant who asserts a jurisdictional defense. Sunview Condo Ass'n v. Flexel Int'l, 116 Fla. 3rd 1962, 1964 (1st Cir. 1997).

5. Mindy Goldberg is the director, the president, and, according to the Defendants, the sole shareholder of Universal Sourcing, Inc. As such, she is the principal officer of the company. Universal Sourcing, Inc. maintained offices in the State of Rhode Island and conducted business in the State of Rhode Island through its employees. Mindy Goldberg was ultimately responsible for those employees and the Rhode Island operation pursuant to her role as director, shareholder and president.

6. Moreover, Mindy Goldberg has made representations or omissions to the Plaintiff in Rhode Island through the delivery of the agreement attached to the Complaint for Damages and in pre agreement telephonic discussions. In addition to the agreement itself, the original Share Certificate which transferred 50% of Universal Sourcing Inc., to the Plaintiff were both signed and executed by Mindy Goldberg, as President of Universal Sourcing, Inc. and importantly, both original documents were delivered to the Plaintiff in Rhode Island.

7. Consequently, there are present facts that show why jurisdiction in this district should be found. See, Barrett v. Lombardi, 239 F. 3rd 23, 26 (1st Cir. 2001). Indeed, here, Mindy Goldberg caused tortious injury by acts or omissions in Rhode Island which caused damages to the Plaintiff. Therefore, this Court has specific jurisdiction over her person for the specific claims alleged in the Complaint for Damages.

WHEREFORE, based on the above, the Plaintiff, MICHAEL F. GRADY, requests that this Court enter an Order which grants his Motion to Compel the Depositions of Mindy Goldberg, Edward Goldberg and Jay Auslander on the jurisdictional issues; orders the Defendants and their counsel to appear for depositions prior to October 31, 2007, the date when the reply to the motion to dismiss or transfer is due from the Plaintiff, or, alternatively strikes their affidavits in support of the motion to transfer, and, grants such other and further relief as

this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 17 day of October, 2007 to: Armando E. Batastini, Esquire and Stephen M. Prignano, Esquire, Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903 and Jay Auslander, Esquire, Joseph Zelmanovitz, Esquire and Natalie Shkolnik, Esquire, Siller, Wilk, LLP, 675 Third Avenue, New York, NY 10017-5714.

MICHAEL F. GRADY, Pro Se
100 Jefferson Drive
E. Greenwich, RI 02818
401-834-9215
mgrady.mfgassociates@cox.net