**From: Batastini, Armando [mailto:ABatastini@eapdlaw.com]**
**Sent: Monday, October 01, 2007 6:05 PM**
**To: Mike Grady**
**Subject: RE: CASE NO. 07-237S Grady vs. Goldberg / Requests for Depositions Mindy Goldberg and Jay Auslander 10-1-08**

Mr. Grady:

We have made our position clear; your position fails to articulate a sufficient basis for seeking these deposition.

---

**From: Mike Grady [mailto:mgrady3@cox.net]**
**Sent: Monday, October 01, 2007 5:56 PM**
**To: Batastini, Armando**
**Cc: Prignano, Stephen**
**Subject: FW: CASE NO. 07-237S Grady vs. Goldberg / Requests for Depositions Mindy Goldberg and Jay Auslander 10-1-08**

Dear Mr. Batastini:

In response to your letter dated 10-1-07 please be advised of the following as a clarification of my intent to depose Mrs. Goldberg and Mr. Auslander.

My request to depose Mrs. Goldberg and Mr. Auslander is being done strictly on the issues raised by Ms. Goldberg and Mr. Auslander in their affidavits submitted with their Motion to Dismiss
and Transfer specifically regarding the personal jurisdiction issue and only the personal jurisdiction issue for which I am entitled to discovery.

I hope that this clarifies matters for you. I would hope that now that you understand my intent we can schedule a time to schedule these depositions ASAP, unless of course Mr. and Mrs. Goldberg and Mr. Auslander would like to withdraw their sworn affidavits.

Please advise immediately if you will produce Mrs. Goldberg and Mr. Auslander for deposition within the next 2 weeks. Failure to do so will force me to seek leave of court to depose Mrs. Goldberg and Mr. Auslander and seek sanctions against the defendants and their counsel for failure to respond and agree to this request.

In closing I would like to point out that though I am limiting the requested depositions to the personal jurisdiction issue I am reserving my rights to take depositions from the defendants plaintiffs and witnesses on the merits of this controversy including but not limited the fraud and patent issues.

[redacted]

Please get back to me at your earliest convenience.
Sincerely,
Mike Grady

Mike Grady
MFG Associates
Cell (401) 481-2385

---

**From:** Batastini, Armando [mailto:ABatastini@sapdlaw.com]
**Sent:** Monday, October 01, 2007 4:10 PM
**To:** Mike Grady
**Subject:** RE: CASE NO. 07-237S Grady vs. Goldberg / Requests for Depositions Mindy Goldberg and Jay Auslander 10-1-08

Our response is attached.

---

**From:** Mike Grady [mailto:mgrady3@cox.net]
**Sent:** Monday, October 01, 2007 2:55 PM
**To:** Batastini, Armando
**Cc:** Prignano, Stephen
**Subject:** RE: CASE NO. 07-237S Grady vs. Goldberg / Requests for Depositions Mindy Goldberg and Jay Auslander 10-1-08

Dear Mr. Batastini: In order to prepare a response to the defendants motion to dismiss and transfer by the required date of October 29, 2007 I am requesting that time be set aside for me to take depositions from both Mindy Goldberg and Jay Auslander sometime within the next 2 weeks regarding CASE NO. 07-237S Grady vs. Goldberg.

Please advise whether Mr. Auslander will agree to appear without a subpoena. Please also advise of you are agreeable to having these depositions taken at your office instead of the office of a Providence court reporter. Please get back to me at your earliest convenience.

Sincerely,

Mike Grady

[redacted]

Mike Grady
Cell (401) 481-2385

# EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

Armando E. Batastini
401.276.6569
*fax* 888.325.9626
abatastini@eapdlaw.com

October 1, 2007

**<u>VIA E-MAIL AND REGULAR MAIL</u>**

Mr. Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818

**Re: <u>Michael F. Grady v. Edward Goldberg, et al., C.A. No. 07-237S</u>**

Dear Mr. Grady:

In response to your e-mail to me of today, we have communicated to you on multiple occasions that discovery requests, including requests for depositions, are premature, as Federal Rule of Civil Procedure 26(d) does not permit a party to seek discovery until after the Rule 26(f) discovery scheduling conference. As a result, we will not produce Mindy Goldberg for a deposition within the next two weeks as you request.

Your request to depose Attorney Jay Auslander is more troubling. I am unable to imagine your basis for seeking to depose Attorney Auslander, whose relationship with this matter is as trial counsel. Frankly, your request for the deposition of an attorney whom the court has allowed to enter in this matter *pro hac vice* – with no opposition from you – smacks of harassment. If you serve Attorney Auslander with a subpoena, we will file a motion to quash and seek sanctions. If you have what you consider to be a legitimate basis for deposing Attorney Auslander, please share it with me now so that we can avoid any unnecessary unpleasantries later.

Very truly yours,

Armando E. Batastini

[redacted]