UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC.,<br><br>Defendants. | : | Case No: 07-237ML |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OR STRIKE AFFIDAVITS AND THEIR REQUEST FOR SANCTIONS**

Defendants Edward Goldberg, Darlene Mindy Goldberg ("Mindy Goldberg"), and Universal Sourcing, Inc. ("USI"), (collectively "Defendants"), oppose Plaintiff Michael Grady's ("Grady") Motion to Compel Depositions Or Strike Affidavits, and seek sanctions including their fees in responding to Grady's frivolous motion. Defendants rely on their Memorandum of Law Supporting Their Opposition, which is submitted herewith.

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*Pro Hac Vice*)
Natalie Shkolnik (*Pro Hac Vice*)
Joseph Zelmanovitz (*Pro Hac Vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 31st day of October, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, and by facsimile to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, | : | |
| | : | |
| Plaintiff, | : | Case No: 07-237ML |
| | : | |
| v. | : | |
| | : | |
| EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**SUPPORTING THEIR OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OR STRIKE AFFIDAVITS**
**AND IN SUPPORT OF THEIR REQUEST FOR SANCTIONS**

Defendants Edward Goldberg, Darlene Mindy Goldberg ("Mindy Goldberg"), and Universal Sourcing, Inc. ("USI"), (collectively "Defendants"), oppose Plaintiff Michael Grady's ("Grady") Motion to Compel Depositions Or Strike Affidavits, and seek sanctions including their fees in responding to Grady's frivolous motion. Grady's motion fails to articulate any legitimate threshold basis for his request for jurisdictional discovery, as settled First Circuit law requires. *See United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625-27 (1st Cir. 2001). Given Grady's failure to proffer any specific facts supporting the need for the depositions that he seeks – including the deposition of trial counsel – his motion is another in a string of frivolous filings whose object is apparently to harass Defendants and make their defense of this meritless action unnecessarily expensive.

**Background**

Grady, a Rhode Island resident, brings this action against Defendants, each a resident of the State of New Jersey, alleging that he was fraudulently induced to enter into a contract in 2001, by which he supposedly purchased a 50% interest in USI. Defendants filed a currently pending Motion to Dismiss or Transfer, partially based on lack of personal jurisdiction over Mindy Goldberg in Rhode Island and lack of factual allegations supporting Grady's claim of fraudulent inducement. Grady's Opposition was due on October 29, 2007, pursuant to this Court's Order of September 26, 2007, and is now late.[1]

Grady's Complaint lacks specific factual allegations supporting his claim that personal jurisdiction vests against Mindy Goldberg in Rhode Island. The only allegation in the Complaint regarding personal jurisdiction is the boilerplate assertion that:

> The Goldbergs are also subject to in personam jurisdiction in Rhode Island as they have conducted substantial but not isolated business in the State of Rhode Island, and, they have each made representations and admissions to Grady in the State of Rhode Island with regard to the transaction which is the subject matter of this Complaint for Damages.

Complaint at ¶ 4. The Complaint is otherwise silent as to the alleged "substantial ... business" that Mindy Goldberg allegedly conducted in Rhode Island or the date, location, mode or substance of Mindy Goldberg's alleged representations and admissions.

Grady's Complaint likewise lacks a factual component supporting his fraudulent inducement claim. The Complaint is hard to discern, but appears to center on Grady's discontent with a Stock Purchase Agreement (the "Agreement"), despite his acknowledgment that he received the stock that was the subject of that Agreement. *See id.* at ¶¶ 20-21 and Ex. 2 (Stock

---

[1] Grady filed a motion for an additional thirty day extension to respond to Defendants' Motion to Dismiss on October 30, 2007, citing the need to take jurisdictional discovery as the basis for the extension.

Purchase Agreement). The only allegation in the Complaint directed specifically at fraudulent inducement is that Mindy Goldberg made unspecified "misrepresentations and concealments." *See id.* at ¶¶ 27-29.

Defendants filed their Motion to Dismiss or Transfer on August 30, 2007. Those papers featured the lack of factual predicate to Grady's allegations of personal jurisdiction and fraud. Defendants also presented the Declarations of Mindy Goldberg, Edward Goldberg and Attorney Jay Auslander in support of their Motion. Edward Goldberg's Declaration solely addressed the venue issue. Attorney Auslander's Declaration referenced certain aspects of the filings made in support of Defendants' Motion to Dismiss, attached the Complaint in this matter, and explicated the legal relief sought.[2] Significantly, Attorney Auslander did not attest to any facts in support of Defendants' Motion, and specifically did not proffer any facts supporting Mindy Goldberg's lack of personal jurisdiction defense. Grady nonetheless seeks to depose Edward Goldberg and Attorney Auslander with respect to jurisdictional issues based on the contrivance that their Declarations relate to that defense.

For her part, Mindy Goldberg denies that she had any substantive communications with Grady relative to USI business generally or the Agreement specifically. *See* Declaration of Darlene Mindy Goldberg at ¶ 6. And, the Agreement, executed by Grady and incorporated by reference into his Complaint, states "[t]his Agreement has been made and entered into in the State of New Jersey ...." Complaint, Ex. 2 at ¶ 6.3.

Grady's Motion to Compel suffers from the same infirmities as his Complaint, namely the lack of specific facts related to his claim that he requires discovery in order to reply to Defendants' Motion to Dismiss. The only arguments that Grady presents are that: (1) Mindy

---

[2] This Court had previously granted Attorney Auslander's Motion to Appear *Pro Hac Vice* on August 21, 2007 without objection.

Goldberg is subject to personal jurisdiction as a result of USI's (and not her own) activities in Rhode Island; (2) that the Agreement was delivered to Grady in Rhode Island (despite contractual language to the contrary); (3) that Mindy Goldberg made unspecified "representations and omissions" through delivery of the Agreement; and (4) that Mindy Goldberg made unspecified misrepresentations "in pre agreement telephonic discussions." Motion to Compel at ¶¶ 5-6. Grady does not explain why he needs discovery to proffer these allegations, apparently based on his personal knowledge, in response to Defendants' Motion to Dismiss and otherwise fails to present any specific facts demonstrating the need for discovery. Also missing from Grady's Motion is any argument relative to his request to depose Edward Goldberg and Attorney Auslander.

This motion follows on the heels of previous frivolous motions from Grady. Specifically, Grady filed a Motion to Strike based upon his specious argument that Defendants' Motion to Dismiss was out of time because the Court's Order granting an extension of time referenced only an answer, and not a motion to dismiss. The Court denied Grady's Motion, incorporating Defendants' Opposition as the basis for the denial. Undeterred, Grady filed a Motion for Reconsideration, which repeated his earlier argument and, foreshadowing his current motion, claimed that the Court's speed in denying his initial motion deprived him of the chance to file a reply brief, without presenting any supporting factual explication as to how a reply brief would have changed the outcome. This Court summarily denied that motion.

## **Argument**

### 1. **Grady Has Failed To Proffer Any Legitimate Basis For Jurisdictional Discovery**

Settled case law in this district and the First Circuit case requires that a plaintiff, such as Grady, show a "colorable claim" in support of a motion for jurisdictional discovery by citing to

specific facts that support the maintenance of personal jurisdiction over the subject defendant. *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001); *Emissive Energy Corp. v. Innovage Inc.*, C.A. No. 06-401S, 2007 WL 2907869, at *2 (D.R.I. Oct. 3, 2007). "Failure to allege *specific* contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." *Swiss American Bank, Ltd.*, 274 F.3d at 626-27 (emphasis added).[3]

Plaintiffs must also "present facts to the [C]ourt to show why jurisdiction would be found if jurisdictional discovery were permitted" – in other words, demonstrate the efficacy of the proposed jurisdictional discovery. *Emissive Energy Corp*, C.A. No. 06-401S, 2007 WL 2907869, at *2 (citing *Swiss American Bank, Ltd.*, 274 F.3d at 626). In order to shoulder this burden, a plaintiff must provide the Court with a "*detailed* description of the 'additional pertinent avenues of inquiry' that [plaintiff hopes] to pursue." *Swiss American Bank, Ltd.*, 274 F.3d at 625-27 (quoting in part *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973) (emphasis added).

Here, Grady has failed to present a colorable claim for asserting personal jurisdiction over Mindy Goldberg. Despite being on notice since August 30, 2007 that Defendants were seeking dismissal based upon the lack of specific factual allegations, the best that Grady musters is an imputation of contacts with Rhode Island to Goldberg through her ownership of USI, alleged contacts created by an agreement that was undisputedly made and entered into in New

---

3 S*ee also 3 Lab, Inc. v. Kim*, 20 Civ. No. 07-1056 (SRC), 2007 WL 2177513, at *6 (D.N.J., July 26, 2007) ("Because Plaintiffs have provided no evidence of any activity directed at New Jersey, the Court will not grant discovery to allow Plaintiffs to attempt to bolster the claims against Defendants"); *Amburgey v. Atomic Ski USA, Inc.*, No. 2:06-CV-149-GZS, at *5 (D. Me., May 17, 2007) ("Plaintiffs have failed to provide facts beyond vague allegations and questions regarding the corporate form, which show why jurisdiction would be found with discovery. Given the dearth of contacts that [defendant corporation] maintains with the forum state, discovery is unlikely to be useful in establishing jurisdiction"); *Nordica USA Corp. Tecnica USA Corp. v. Sorensen*, 475 F. Supp. 2d 128 (D.N.H. 2007) (discovery denied because plaintiffs failed to make a colorable claim for jurisdiction).

Jersey, and oblique references to alleged communications with Grady that contained unspecified misrepresentations. These allegations are insufficient, as a matter of law, to satisfy Grady's burden of presenting a colorable claim of personal jurisdiction. *See Swiss American Bank, Ltd.*, 274 F.3d at 626-27 (must allege "specific contacts"); *see also Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007) (fact that wholly-owned subsidiary does business within a state does not confer personal jurisdiction over the parent); *Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 321 (D.R.I. 1998) (no "relatedness" with forum where contract was negotiated and entered into in North Carolina).

Grady wholly ignores the latter half of the test for jurisdictional discovery, namely whether jurisdictional discovery would be efficacious or not. Grady's papers fail to explain why he requires jurisdictional discovery, especially where the allegations that he posits in support of the instant motion are founded on his personal knowledge, so there is no impediment to his proffer of these allegations in opposition to Defendants' Motion to Dismiss (other than that, as discussed above, Grady's allegations fail as a matter of law). And, Grady does not present any facts or argument supporting his request to depose Edward Goldberg or Attorney Auslander.

Based upon the record of this case and well-settled First Circuit principles, jurisdictional discovery is entirely unnecessary.[4]

**2. <u>This Court Should Sanction Plaintiff For His Frivolous Motion</u>**

Grady's inability to produce concrete facts in support of his allegations of personal jurisdiction in Rhode Island over Mindy Goldberg demonstrates his on-going lack of good faith. Defendants should not have to bear the expense related to defense of Grady's motion seeking their depositions where he is unable to offer any reasonable factual support for his request. *See*

---

[4] Of course, if the Court is inclined to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) or (c), then there would be no need to even consider Plaintiff's request.

*Mills v. Brown*, 372 F.Supp.2d 683, 692 (D.R.I. 2005) (Rule 11 sanctions applicable to *pro se* litigants who sign pleadings without a reasonable factual basis).

Conspicuously absent from Grady's papers are facts that correspond to certain allegations in his Complaint. Specifically, Grady's complaint alleges that Mindy Goldberg "conducted substantial ... business in the State of Rhode Island," yet Grady fails to identify a single fact that supports this allegation. *See* Complaint at ¶ 4. Likewise, Grady is unable to forward basic information regarding conversations in which he allegedly participated with Mindy Goldberg that form the basis of his claims for misrepresentation and personal jurisdiction, including the approximate date, location, mode or contents of those communications. Rather, Grady seeks to avoid the lack of basis for his claim through use boilerplate in contravention of well-settled law requiring specificity in the pleading of fraud and personal jurisdiction allegations. *See* Fed. R. Civ. P. 9(b); *Swiss American Bank, Ltd.*, 274 F.3d at 626 (specific facts required for maintenance of personal jurisdiction).

Grady's failure to address the dispositive question that his jurisdictional discovery motion presents – why he needs to take the depositions of Mindy Goldberg, Edward Goldberg and Attorney Auslander – further illustrates the frivolous nature of his Motion. Perhaps most tellingly, Grady offers no basis for his request to depose Edward Goldberg and Attorney Auslander. A cursory review of their Declarations quickly reveals that neither address Mindy Goldberg's lack of personal jurisdiction defense.

In view of the foregoing, the obvious purpose for Grady's Motion (and overall litigation strategy) is to harass the Defendants and unnecessarily drive up their costs defending this meritless *pro se* law suit. Grady should abide by the same rules, including Rule 11, that prohibits

such abusive litigation practices. *See id.* Defendants therefore requests that this Court sanction Grady for his frivolous filing, and award them their fees related to their defense of this motion.[5]

**Conclusion**

In view of the foregoing, this Court should deny Grady's Motion to Compel and award Defendants' their fees related to their defense of this Motion.

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini

Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*Pro Hac Vice*)
Natalie Shkolnik (*Pro Hac Vice*)
Joseph Zelmanovitz (*Pro Hac Vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

[5] Counsel for Defendants will present affidavits supporting Defendants' requests for fees upon request from the Court or upon determination that a fees award may be appropriate.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 31st day of October, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, and by facsimile to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini