UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC.,<br><br>Defendants. | : | Case No: 07-237ML |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants Edward Goldberg, Darlene Mindy Goldberg ("Mindy Goldberg"), and Universal Sourcing, Inc. ("USI"), (collectively "Defendants"), oppose Plaintiff Michael Grady's Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss or Transfer. Defendants rely on their Memorandum of Law Supporting Their Opposition, which is submitted herewith.

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*Pro Hac Vice*)
Natalie Shkolnik (*Pro Hac Vice*)
Joseph Zelmanovitz (*Pro Hac Vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 1st day of November, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, | : | |
| | : | |
| Plaintiff, | : | Case No: 07-237ML |
| | : | |
| v. | : | |
| | : | |
| EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants Edward Goldberg, Darlene Mindy Goldberg ("Mindy Goldberg"), and Universal Sourcing, Inc. ("USI"), (collectively "Defendants"), oppose Plaintiff Michael Grady's ("Grady") Motion for an Extension of Time To Respond to Defendants' Motion to Dismiss or Transfer, and present this Memorandum of Law in support of their Opposition. Grady has failed to articulate any legitimate basis for an additional thirty-day extension of time to respond to Defendants' motion, or why his out-of-time motion satisfies the excusable neglect standard.

## Background

Defendants filed a currently pending Motion to Dismiss or Transfer, partially based on lack of personal jurisdiction over Mindy Goldberg in Rhode Island, on August 30, 2007. Grady's Opposition was due on October 29, 2007, pursuant to this Court's Order of September 26, 2007, which granted Grady an initial thirty-day extension to respond. Defendants did not object to Grady's first extension request.

Grady filed the instant motion for an additional thirty-day extension on October 30, 2007, a day after his Opposition was due. The sole basis that Grady cited in support of his motion is his alleged need to take jurisdictional discovery. Grady neither provided any factual basis for his alleged need for jurisdictional discovery nor explained why his time to respond to Defendants' motion lapsed.

With respect to Grady's assertion that he requires additional time for discovery, Grady first sought discovery in this matter on September 3, 2007 through the service of interrogatories on Defendants, and thereafter served his first request for jurisdictional discovery on September 19, 2007. He requested depositions of Mindy Goldberg and Attorney Jay Auslander on October 1, 2007. In each instance beginning with a letter from defense counsel to Grady on September 4, 2007, Defendants have been clear with Grady that discovery in this matter is premature pursuant to Rule 26(d), and that Defendants oppose jurisdictional discovery for the reasons articulated at length in their Opposition to Grady's Motion to Compel.[1]

Grady waited until October 17, 2007 to file his Motion to Compel the depositions of Mindy Goldberg, Edward Goldberg and Attorney Jay Auslander for the purpose of taking jurisdictional discovery, which Defendants opposed. That motion is currently awaiting either hearing or decision.

The only arguments that Grady presented in support of his Motion to Compel jurisdictional discovery were: (1) Mindy Goldberg is subject to personal jurisdiction as a result of USI's (and not her own) activities in Rhode Island; (2) that the Agreement was delivered to Grady in Rhode Island (despite contractual language to the contrary); (3) that Mindy Goldberg

[1] Grady's motion also claims that Defendants failed to respond to his request for an additional thirty-day extension, thereby prompting the instant motion. In fact, Grady made his request via e-mail at 5:06 p.m. on October 29, 2007, and served his motion on Defendants' counsel at 1:18 p.m. on October 30, 2007 (and filed with the court at 2:16 p.m.), less than twenty-four hours later.

made unspecified "representations and omissions" through delivery of the Agreement; and (4) that Mindy Goldberg made unspecified misrepresentations "in pre agreement telephonic discussions." Motion to Compel at ¶¶ 5-6. Grady did not explain why he needs discovery to proffer these allegations, apparently based on his personal knowledge, in response to Defendants' Motion to Dismiss and otherwise failed to present any specific facts demonstrating the need for discovery. Also missing from Grady's Motion to Compel was any argument relative to his request to depose Edward Goldberg and Attorney Auslander (whose Declarations in support of Defendants' Motion to Dismiss did not touch upon the jurisdictional aspects of that motion).

## Argument

### 1. The Excusable Neglect Standard Applies To This Motion

Rule 6(b) governs enlargements of time. A party must demonstrate "excusable neglect" with respect to requests for enlargements of time filed "after the expiration of the specified period" for an act to be completed, such as here. *See, e.g., Gray v. Dederian*, C.A. No. 04-312L, 2007 WL 296212 (D.R.I. Jan. 26, 2007). That standard requires "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Thermo Engineering Corp.*, 45 B.R. 596, 597 (D.R.I. 1994). Neglect is generally not excusable where ordinary diligence by the party seeking time enlargement could have prevented the delay. *Id.*

### 2. Grady Fails To Articulate A Legitimate Basis For An Enlargement of Time or Excusable Neglect

Grady's Motion for Enlargement and his earlier filed Motion to Compel both lack an adequate explanation for why he requires jurisdictional discovery. The allegations that he posits in support of his Motion to Compel are founded on his personal knowledge, so there is no

impediment to his proffer of these allegations in opposition to Defendants' Motion to Dismiss (other than that, as discussed in Defendants' Opposition to the Motion to Compel, Grady's allegations fail as a matter of law). And, Grady does not present any facts or argument in the context of either motion supporting his request to depose Edward Goldberg or Attorney Auslander. He consequently does not have a valid reason why he requires more time with which to respond to Defendants' Motion to Dismiss.

Moreover, Grady's motion does not address why he waited until after his response period had lapsed prior to seeking an enlargement of time, thereby failing to satisfy the excusable neglect standard. Grady has been on notice since September 4, 2007 that Defendants oppose any discovery, including jurisdictional discovery, until the time specified by Rule 26(d). Yet, Grady waited until October 17, 2007 to file a Motion to Compel jurisdictional discovery, and until October 30, 2007, one day after his Opposition to Defendants' Motion to Dismiss was due, to seek a follow-on thirty day enlargement of time. This timeline exhibits a manifest lack of diligence on Grady's part, from which there is no basis for a finding of excusable neglect.

**Conclusion**

In view of the foregoing, this Court should deny Grady's Motion for Enlargement of Time.

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini

Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*Pro Hac Vice*)
Natalie Shkolnik (*Pro Hac Vice*)
Joseph Zelmanovitz (*Pro Hac Vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 1st day of November, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini