UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. 07-237S

Plaintiff

v..

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**REPLY OF THE PLAINTIFF, MICHAEL F. GRADY TO THE OPPOSITION OF THE DEFENDANTS TO DISCOVERY ON THE PERSONAL JURISDICTION ISSUE**

The Plaintiff, MICHAEL F. GRADY ("Grady"), pursuant to the Federal Rules of Civil Procedure and Local General Rules of the United States District Court for the District of Rhode Island, serves this his Reply to the Opposition of the Defendants to Discovery on the Personal Jurisdiction Issue, and, as his grounds therefore, states as follows:

1. The Plaintiff has alleged various false and fraudulent misrepresentations which were made orally by Edward Goldberg, and, then confirmed in writing by Mindy Goldberg. The writing is attached to the Complaint for Damages as Exhibit "1". Mindy Goldberg has challenged the jurisdiction of this Court over her person alleging that she never has conducted any business in the State of Rhode Island.

2. Her husband, Edward Goldberg and his lawyer have also submitted Affidavits on the personal jurisdiction issue.

3. The Plaintiff desires to take the depositions of these three (3) individuals on the issue of personal jurisdiction over Mindy Goldberg.

4. Mindy Goldberg, according to the Defendants, is the sole shareholder of the

Defendant, Universal Sourcing, Inc. ("USI"). It is undisputed that USI has, at all material times, maintained an office in the State of Rhode Island and conducted substantial business in the State of Rhode Island through the Plaintiff and Edward Goldberg. Edward Goldberg does not dispute his minimum contacts with the State of Rhode Island.

5. The Plaintiff desires to take these depositions in order to establish the business relationship between Mindy Goldberg, who at the time of the misrepresentations, was the sole shareholder and a director and the President of USI and Edward Goldberg and the authority, instructions, and, directions she gave to Mr. Goldberg for Mr. Goldberg to negotiate the sale of 50% of her shares of stock in USI to the Plaintiff in accordance with the statements made by Mr. Goldberg to the Plaintiff in Rhode Island.

6. It is undisputed that the shares of stock that were sold to the Plaintiff were owned by Mindy Goldberg. In order for those shares of stock to have been sold by Mindy Goldberg to the Plaintiff, without any direct dealings between Mindy Goldberg and the Plaintiff, there must have been some authority, instruction, direction or guidance given by Mindy Goldberg, the director/president and sole shareholder of USI, to Edward Goldberg for him to conduct these negotiations with the Plaintiff on her behalf in the State of Rhode Island.

7. Therefore, presumably, Edward Goldberg was the agent of Mindy Goldberg and USI for the purpose to conduct the negotiations with the Plaintiff for the sale of stock which is a portion of the claims that are made in this matter. Accordingly, the depositions on the personal jurisdiction issue are necessary for the Plaintiff to rebut the Affidavits that have been filed to defeat personal jurisdiction over Mindy Goldberg, and, establish the principal/agency business relationship between Mindy Goldberg and Edward Goldberg.

8. Obviously, the Plaintiff must travel to New Jersey to take these depositions. The depositions shall not be lengthy, and, the interest of justice shall be served by allowing the Plaintiff to take short depositions on this important issue. The depositions shall be limited to the personal jurisdiction issue.

9. The request to take the depositions is not interposed for the purposes of delay, or, as the defense insinuates, to drive up the defense costs of the Defendants in this matter. To the contrary, the request is made in good faith as there are ample and sufficient grounds to take the depositions of the affiants who have voluntarily placed their sworn testimony in issue on the personal jurisdiction of this Court over Mindy Goldberg.

WHEREFORE, based on the above, the Plaintiff, MICHAEL F. GRADY, requests that this Court enter an order which permits him to take the three depositions solely on the personal jurisdiction issue and grants such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 13 day of November, 2007 to: Armando E. Batastini, Esquire and Stephen M. Prignano, Esquire, Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903 and Jay Auslander, Esquire, Joseph Zelmanovitz, Esquire and Natalie Shkolnik, Esquire, Siller, Wilk, LLP, 675 Third Avenue, New York, NY 10017-5714

MICHAEL F. GRADY, Pro Se
100 Jefferson Drive
E. Greenwich, RI 02818
401-834-9215
mgrady.mfgassociates@cox.net