UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, Plaintiff, | : | |
| v. | : | CA 07-237 ML |
| EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC., Defendants. | : | |

**MEMORANDUM AND ORDER**
**RE PLAINTIFF'S MOTIONS**
**TO COMPEL DEPOSITIONS AND FOR ENLARGEMENT**

Before the Court are two motions:

1. Motion of the Plaintiff, Michael F. Grady[,] to Compel Taking Depositions of Mindy Goldberg, Edward Goldberg and Jay Auslander or, to Strike the Affidavits Filed by Defendants in Support of Their Motion to Dismiss or Transfer (Document ("Doc.") #19) ("Motion to Compel Depositions"); and

2. Motion of the Plaintiff, Michael F. Grady[,] for an Enlargement of Time to Respond to Defendants', Edward Goldberg, Mindy Goldberg and Universal Sourcing, Inc.'s Motion to Dismiss or Transfer (Doc. #20) ("Second Motion for Enlargement").[1]

The Court refers to the above collectively as the "Motions." A hearing was conducted on November 26, 2007. For the reasons stated herein, the Motion to Compel Depositions is denied and the Second Motion for Enlargement is granted in part.

[1] Plaintiff filed a previous motion for enlargement on September 18, 2007. See Motion and Memorandum of Law of the Plaintiff, Michael F. Grady[,] for an Enlargement of Time to Respond to Defendants', Edward Goldberg, Mindy Goldberg and Universal Sourcing, Inc.'s Motion to Dismiss or Transfer (Doc. #12) ("First Motion for Enlargement"). That motion was granted, and Plaintiff was ordered to file his response to the Motion to Dismiss by October 29, 2007. See Order (Doc. #15).

**Background**

Plaintiff, a resident of Rhode Island, alleges in his Complaint that Defendants Edward Goldberg ("Edward") and Mindy Goldberg ("Mindy") (collectively the "Goldbergs"), both residents of New Jersey, and Defendant Universal Sourcing, Inc. ("USI") (collectively "Defendants"), a New Jersey corporation, fraudulently induced Plaintiff during the period 1997 to 2001 to enter into an agreement to become a shareholder in USI. See Complaint (Doc. #1) ¶¶ 1-3, 5, 10, 14-15, 27. Defendants have responded by moving to dismiss the Complaint or, alternatively, to have the action transferred to New Jersey. See Defendants' Motion to Dismiss or Transfer (Doc. #10) ("Motion to Dismiss"). They contend that the Complaint should be dismissed because it fails to state a claim for fraud in the inducement (the only cause of action alleged) and also because the Complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b). See Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint or, Alternatively, to Transfer the Action to the District of New Jersey ("Defendants' Dismissal Mem.") at 7-10. Defendants additionally contend that this Court lacks personal jurisdiction over Mindy. See id. at 11-17.

It is this last contention which prompted Plaintiff to file the instant Motions. See Motion to Compel Depositions ¶ 4; Second Motion for Enlargement ¶ 3. He seeks an enlargement of time so that he may conduct jurisdictional discovery before responding to the Motion to Dismiss. See Second Motion for Enlargement ¶ 3. The specific jurisdictional discovery which Plaintiff seeks is to depose Edward, Mindy, and Jay S. Auslander, Defendants' trial attorney, "on the issues of the personal jurisdiction over Mindy Goldberg ...." Id.; see also Motion to Compel Depositions ¶ 3. Because Plaintiff's response to the Motion to Dismiss was due by October 29, 2007, see Order (Doc.

#15); Docket, he requests a further extension of time so that he can take the requested depositions.[2] See Second Motion for Enlargement ¶¶ 3-4.

**Prior Proceedings**

As the prior proceedings in the matter are relevant to the Court's determination of the Motions, they are recounted in detail. Plaintiff filed his pro se Complaint on June 27, 2007. See Docket. On July 13, Defendants moved for an extension of time to August 30, 2007, to file their responsive pleading. See id., see also Motion to Extend Time to File Responsive Pleading to Complaint (Doc. #3) at 1. Their request was granted by District Judge William E. Smith on July 16, 2007. See Docket. On August 30, 2007, Defendants filed a motion to dismiss the action or transfer it to New Jersey. See id.; see also Motion to Dismiss.

Plaintiff responded on September 17, 2007, by filing a motion to strike the Motion to Dismiss. See Docket; see also Motion and Memorandum of Law of the Plaintiff, Michael F. Grady[,] to Strike Defendants' Motion to Dismiss or Transfer (Doc. #11) ("Motion to Strike"). The basis for the Motion to Strike was that the text order granting Defendants' request for an extension stated the "answer" of each Defendant was due "8/30/07" and that Defendants by filing their Motion to Dismiss (rather than an "answer") had not complied with the Court's order. Motion to Strike at 2 (quoting text order of 7/16/07). Plaintiff followed up his Motion to Strike the next day with a motion for an enlargement of time to respond to the Motion to Dismiss. See Docket; see also Motion and Memorandum of Law of the Plaintiff, Michael F. Grady[,] for an Enlargement of Time to Respond to Defendants', Edward Goldberg, Mindy Goldberg and

[2] See n.1.

Universal Sourcing, Inc.'s Motion to Dismiss or Transfer (Doc. #12) ("First Motion for Enlargement").

On September 26, 2007, Chief Judge Mary M. Lisi denied Plaintiff's Motion to Strike and granted his First Motion for Enlargement. See Order (Doc. #15). Chief Judge Lisi's Order concluded by stating that "Plaintiff shall file his response to Defendants' Motion to Dismiss on or before October 29, 2007." Id. Plaintiff's response to the first part of this Order (which denied his Motion to Strike) was to move on September 28, 2007, for reconsideration. See Motion for Reconsideration and Memorandum of Law of the Plaintiff, Michael F. Grady[,] in Reply to the Memorandum of Law of the Defendants in Opposition to the Motion to Strike the Motion of the Defendants to Dismiss or Transfer (Doc. #18) ("Motion for Reconsideration"). The Motion for Reconsideration was denied on October 10, 2007. See Docket.

Plaintiff filed the instant Motion to Compel Depositions on October 17, 2007. See id. He filed the Motion for Enlargement on October 30, 2007, one day after the deadline stated in Judge Lisi's September 26, 2007, Order.[3] See id. The Motion for Enlargement was referred to this Magistrate Judge, and a hearing on that motion was scheduled for November 15, 2007. See Docket. At the hearing, the Court observed that the Motion for Enlargement was related to the Motion to Compel Depositions and suggested that the Motions should be heard together. See Tape of 11/15/07 Hearing. Both parties agreed with this suggestion, and the matter was continued to November 26, 2007, for a hearing on both Motions. See id. Following the November 26, 2007, hearing, the Court took the Motions under advisement.

---

[3] Plaintiff stated at the November 26, 2007, hearing that he attempted to file the Motion for Enlargement electronically through the Court's "Pacer" system on October 29, 2007, but learned the next day that such filing was not authorized. See Tape of 11/26/07 Hearing.

## Discussion

***Motion to Compel Depositions***

"[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction *may* well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." United States v. Swiss American Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001); accord Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 27 (1st Cir. 2007); Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006). The United States Court of Appeals for the Third Circuit has observed that "jurisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state," Massachusetts School of Law at Andover, Inc. v. American Bar Assoc., 107 F.3d 1026, 1042 (3rd Cir. 1997), and that "[w]here the defendant is an individual, the presumption in favor of discovery is reduced," id.

A plaintiff seeking jurisdictional discovery must have presented at least a "'colorable' claim for personal jurisdiction." Swiss American Bank, Ltd., 274 F.3d at 626; accord Negrón-Torres, 478 F.3d at 27. "In addition to making a colorable claim, it is also incumbent upon the plaintiff to 'present facts to the court which show why jurisdiction would be found if discovery were permitted.'" Negrón-Torres, 478 F.3d at 27 (quoting Swiss American Bank, Ltd., 274 F.3d at 626).

In the Complaint, Plaintiff asserts that:

> The Goldbergs are ... subject to in personam jurisdiction in the State of Rhode Island as they have conducted substantial but not isolated business in the State of Rhode Island, and, they **each** have made representations and admissions to Grady in the State of Rhode Island with regard to the transaction which is the subject matter of this Complaint for Damages.

Complaint ¶ 4 (bold added).

Responding to this and other allegations, Mindy has filed a declaration in which she affirms that she has never spoken with Plaintiff concerning the contract mentioned in the Complaint, that she has never made any representations concerning the purported sale of shares in USI to Plaintiff, and that she "*never* had any substantive discussions with Mr. Grady concerning USI business." Declaration of Defendant Darlene Mindy Goldberg in Support of Motion to Dismiss or Transfer ("Mindy Decl.") ¶ 6. Mindy further affirms that she has never transacted any business in Rhode Island or employed an agent or representative to transact business for her in Rhode Island. See id. ¶ 5. In fact, she states that she "cannot recall ever having visited Rhode Island." Id. ¶ 3.

Although Plaintiff seemingly disputes these affirmations,[4] he has not supported his claims to the contrary with any specifics regarding when the telephone conversations occurred and what representations or omissions were made by Mindy during such conversations relative to the agreement. "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." Swiss American Bank, Ltd., 274 F.3d at 626-27. Here the failure is particularly striking because Plaintiff's lack of specificity has unquestionably been brought to his attention. Defendants have repeatedly cited this deficiency in their filings. See Defendants' Dismissal Mem. at 1 ("not one fact describes the alleged 'misrepresentation' that supposedly

[4] In the Motion to Compel Depositions, Plaintiff repeats his allegation that Mindy made representations to him: "Mindy Goldberg has made representations or omissions to the Plaintiff in Rhode Island through the delivery of the agreement attached to the Complaint ... **and in pre agreement telephonic discussions.**" Motion to Compel Depositions ¶ 6 (bold added).

'induced' Grady to enter into the agreement"); Defendants' Dismissal Mem. at 2 ("Grady cannot rely on conclusory, unidentified 'misrepresentations' alleged to have been made by Mindy Goldberg in Rhode Island (which she specifically denies); such generalized allegations do not satisfy the plaintiff's burden of establishing personal jurisdiction over a defendant"); id. at 5 ("the complaint mentions 'representations and concealments' by defendants ([Complaint] ¶ 28), without describing the alleged representations, much less providing particulars as to when, where, and how the representations were made and who made them"); see also Defendants' Memorandum of Law Supporting Their Opposition to Plaintiff's Motion to Compel Depositions or Strike Affidavits and in Support of Their Request for Sanctions ("Defendants' Opp. Mem.") at 7 ("Specifically, Grady's complaint alleges that Mindy Goldberg 'conducted substantial ... business in the State of Rhode Island,' yet Grady fails to identify a single fact that supports this allegation.")(quoting Complaint ¶ 4); id. ("Grady is unable to forward basic information regarding conversations in which he allegedly participated with Mindy Goldberg that form the basis of his claims for misrepresentation and personal jurisdiction, including the approximate date, location, mode or contents of those communications.").

Disturbingly, Plaintiff has now filed a reply memorandum in which he not only again fails to provide any details of Mindy's alleged representations, but seemingly acknowledges that his previous assertions that Mindy made such representations to him are not true.

> It is undisputed that the shares of stock that were sold to the Plaintiff were owned by Mindy Goldberg. In order for those shares of stock to have been sold by Mindy Goldberg to the Plaintiff, **without any direct dealings between Mindy Goldberg and the Plaintiff**, there must have been some authority, instruction, direction or guidance

> given by Mindy Goldberg, the director/president and sole shareholder of USI, to Edward Goldberg for him to conduct these negotiations with the Plaintiff on her behalf in the State of Rhode Island.

Reply of the Plaintiff, Michael F. Grady[,] to the Opposition of the Defendants to Discovery on the Personal Jurisdiction Issue (Doc. #24) ("Plaintiff's Reply") ¶ 6 (bold added). This 180 degree change in position undermines Plaintiff's credibility.

Mindy has submitted a declaration "under penalty of perjury," Mindy Decl. at 1, in which she supports her claim that she is not subject to this Court's jurisdiction by stating specific facts. Plaintiff, on the other hand, has made repeated, unsworn statements about Mindy which are notable for their lack of detail and which are contradicted by his most recent filing. In addition, Plaintiff is seeking to conduct discovery regarding an individual and not an out-of-state corporation, a circumstance which some courts have viewed as reducing the presumption favoring such discovery. See Massachusetts School of Law at Andover, Inc., 107 F.3d at 1042. Given all the circumstances, the Court is not persuaded that Plaintiff has presented a colorable claim for jurisdiction against Mindy.

The Court is also influenced in its decision to deny the Motion to Compel Depositions by the following additional consideration. Plaintiff's activities to date, especially his motion practice, have caused these out-of-state Defendants to incur significant legal expenses based on a Complaint which they contend is deficient on its face and should be dismissed. The Court sees no point in granting Plaintiff jurisdictional discovery when such discovery would further increase Defendants' costs and, even if it resulted in information which would provide a basis for Plaintiff to argue that personal jurisdiction exists as to Mindy, Defendants' other grounds for dismissal would remain intact. For this and the other reasons already expressed, the

Motion to Compel Depositions is denied.

***Second Motion for Enlargement***

Given the Court's determination that Plaintiff is not entitled to conduct jurisdictional discovery, the Motion for Enlargement is largely moot. The only remaining question is whether Plaintiff should be given a period of time to file a response to the Motion to Dismiss. While the Court has doubts that Plaintiff's failure to file his Second Motion for Enlargement by the October 29, 2007, deadline "was the result of excusable neglect ...,"[5] Fed. R. Civ. P. 6(b), in deference to his pro se status, the Court will (on this occasion) give him the benefit of the doubt and find good cause. Accordingly, the Motion for Enlargement is granted to the extent that Plaintiff

---

[5] The Court's doubts are based on the following facts. Plaintiff states that he attempted to file his Second Motion for Enlargement on October 29, 2007, through the Court's Pacer system and that he also transmitted a copy of the motion to opposing counsel via e-mail on the same date. See Tape of 11/26/07 Hearing. However, opposing counsel did not receive the motion until 1:18 p.m. on October 30, and the certification on the motion he received reflects that it was served by "U.S. Mail and e-mail" on October 30. See Letter from Batastini to Martin, M.J., of 11/26/07.

In addition, Plaintiff sent an e-mail to opposing counsel at 5:06 p.m. on October 29, 2007, requesting a thirty day extension to reply to the Motion to Dismiss and asking that opposing counsel "get back to me as soon as possible." E-mail from Plaintiff to Batastini of 10/29/07. Although Plaintiff states that this e-mail "was sent directly after I thought I had filed the ... motion via the Pacer System ...," Letter from Plaintiff to Martin, M.J., of 11/27/07 at 1, there is no mention in the e-mail that Plaintiff has filed the motion or that a copy of it is being transmitted as an attachment with the e-mail. Such information seemingly would have been included in the communication.

Lastly, the e-mail also erroneously states that Plaintiff's "reply is due by Oct. 31, 2007." E-mail from Plaintiff to Batastini of 11/29/07 at 1. This suggests that Plaintiff was laboring under a misapprehension and believed that he had two more days to either file his reply or timely request an extension. Plaintiff describes this misstatement as "a typo." Letter from Grady to Martin, M.J., of 11/29/07 at 1. If by this statement Plaintiff means that he actually intended to type "29" but instead typed "31," the Court finds this explanation unconvincing.

shall file his response to the Motion to Dismiss by December 14, 2007.

***Defendants' Request for Sanctions***

Defendants have requested that the Court sanction Plaintiff for filing the Motion to Compel Depositions. See Defendants' Opp. Mem. at 6. In support of their request, Defendants state:

> Grady's inability to produce concrete facts in support of his allegations of personal jurisdiction in Rhode Island over Mindy Goldberg demonstrates his on-going lack of good faith. Defendants should not have to bear the expense related to defense of Grady's motion seeking their depositions where he is unable to offer any reasonable factual support for his request. See Mills v. Brown, 372 F.Supp.2d 683, 692 (D.R.I. 2005)(Rule 11 sanctions applicable to *pro se* litigants who sign pleadings without a reasonable factual basis).

Id. at 6-7. They note additionally that in his memorandum in support of the Motion to Compel Depositions Plaintiff offers no basis for his request to depose either Edward or Attorney Auslander. See id. at 7. Defendants point out that neither person's declaration addresses Mindy's lack of personal jurisdiction defense. See id. While Plaintiff advanced some basis for deposing Edward in his reply memorandum, see Plaintiff's Reply ¶¶ 5-7, that document still offers no explanation as to why Plaintiff needs to depose Attorney Auslander, see Plaintiff's Reply.

Defendants sum up their request for sanctions by stating that "the obvious purpose of Grady's Motion (and overall litigation strategy) is to harass the Defendants and unnecessarily drive up their costs defending this meritless *pro se* lawsuit. Grady should abide by the same rules, including Rule 11, that prohibit[] such abusive litigation practices." Defendants' Opp. Mem. at 7-8.

Defendants' request for sanctions is not frivolous. The Court has already detailed the apparent lack of factual basis for

statements which Plaintiff has made about Mindy in his Complaint and other filings. The Court has also recounted his largely baseless motion practice which has increased Defendants' litigation costs. Plaintiff's pro se status does not exempt him from compliance with the Rules of Civil Procedure. See Mills v. Brown, 372 F.Supp.2d 683, 692 (D.R.I. 2005). As Senior Judge Ronald R. Lagueux has explained:

> [W]hen an attorney or an unrepresented party submits a pleading, motion, or other paper to a federal court, his signature constitutes a certification that he has read it and formed a belief after reasonable inquiry that it is (1) well grounded in fact; (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and, (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11 states that when a pleading, motion, or other paper violates this rule, the court may impose sanctions.

Id. at 693 (citing Hoover v. Gershman Investment Corp., 774 F.Supp. 60, 64-65 (D.R.I. 1991)(quoting LeFebvre v. Commissioner, 830 F.2d 417, 420 (1st Cir. 1987))).

Although a warning is not required before sanctions may be imposed, see Shine v. Owens-Illinois, Inc., 979 F.2d 93, 96 (7th Cir. 1992)("the district court is not required to fire a warning shot prior to imposing sanctions")(internal quotation marks omitted), the Court, in a final act of largess because of Plaintiff's pro se status, will not impose sanctions at this juncture. Instead, the Court cautions Plaintiff that he must insure that any future filings and/or actions undertaken in connection with this lawsuit fully comply with the Federal Rules of Civil Procedure, especially Rule 11. Accordingly, Defendants' request for sanctions is denied.

**Conclusion**

For the reasons stated above, Plaintiff's Motion to Compel

Depositions is denied. Plaintiff's Second Motion for Enlargement is granted to the extent that Plaintiff shall have until December 14, 2007, to file his reply to the Motion to Dismiss. Defendants' request for sanctions is denied.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 30, 2007