**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

**CASE NO: 07-237S**

MICHAEL F. GRADY, a Rhode Island domiciliary,

Plaintiff,

v.

EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,

Defendants.

---

**DECLARATION OF MICHAEL F. GRADY IN OPPOSITION TO THE MOTION TO DISMISS AND/OR TRANSFER AND PERSONAL JURISDICTION OVER MINDY GOLDBERG**

MICHAEL F. GRADY, (the "Affiant") upon oath, duly states as follows:

1. I am of majority age and all statements contained in this Declaration are based upon my personal, first-hand knowledge.

In rebuttal to the Declaration of Darlene Mindy Goldberg, Ms. Goldberg misrepresents that she "never made any representations in terms of selling her shares in USI to Mr. Grady." In fact, the representations and omissions set forth in the agreement that she signed in February, 2000 and forwarded to me in the State of Rhode Island are a combination of years of discussions I held with her husband on her behalf. Consequently, she made representations concerning the purported sale to me in the agreement that she signed and in the original shares of stocks that she executed, endorsed and delivered to me in the State of Rhode Island.

As such, Mindy Goldberg did avail herself of the privilege of transacting business in Rhode Island by contracting through her husband, on her behalf, in her company's office in Rhode Island to sell 50% of her shares in that company. Therefore, the fact that the company had an office in Rhode Island and she sent

documents to me in Rhode Island confirming years of negotiations to consummate the sale of 50% of her stock in that company which were delivered to me in Rhode Island should have confirmed to her that she availed herself of the privilege of transacting business in Rhode Island and she should have expected that her conduct in defrauding a Rhode Island resident by sending her husband to represent on her behalf and sending fraudulent documents to a Rhode Island resident in Rhode Island would subject to her to suit in Rhode Island courts to protect a Rhode Island resident.

With regard to the Declaration of Edward Goldberg, the issues with regard to the transfer of this matter to New Jersey based upon the fact that it may be a more convenient forum for Mr. Goldberg is not a sufficient grounds for transfer. Indeed, Mr. Goldberg states that it: "would be burdensome for [he and his wife] to have to leave our home and children to litigate this matter in Rhode Island and to attend trial there. However, it would be extremely burdensome and very difficult for Mr. Grady, a single parent, to leave his home and his child to litigate this matter in New Jersey and to attend trial there.

The fraud occurred in Rhode Island and pursuant to the appropriate venue statute, Mr. Grady is entitled to bring the cause of action in Rhode Island where USI has a business and where Mr. Goldberg traveled on many occasions to conduct the business of USI and in addition, discuss the specific transaction which is the subject matter of the fraud claim, and Mrs. Goldberg delivered the ultimate documentation and representations as well as the original shares of stock to Mr. Grady in Rhode Island. Next, Mr. Goldberg indicates that the material witnesses include, other than himself and his wife, his father, Zelly Goldberg, who resides in New Haven, Connecticut. Obviously, Mr. Goldberg has the ability to convince his father to travel to Rhode Island for any trial. Any deposition of Zelly Goldberg would have to be taken in New Haven, Connecticut awhich location by any objective review, is closer to Providence, Rhode Island than it is to New Jersey.

Mr. Goldberg also indicates that Albert Tucker, another accountant for USI, in addition to Zelly Goldberg, his father, who is in New York City, New York would be expected to testify concerning the very same subject matter which Zelly Goldberg would testify to at the time of trial. This cumulative evidence is objectionable and Mr. Tucker and under the control of Mr. Goldberg, would have to be deposed in NewYork City and he can travel just as easily from New York City to Rhode Island as he can to New Jersey.

Finally, Mr. Goldberg suggests that Karina Riftin, a former bookkeeper for USI, who also lives in New York can testify concerning the books and records of USI. Obviously, this cumulative testimony can be brought about by Mr. Goldberg and it can be confirmed by his father who is the CPA of USI. The traveling from New York to Providence is not an inconvenient unforeseen requirement. Mr. Goldberg and Mr. Grady made the trip hundreds of time. In addition, if a witness is more than 100 miles from the Rhode Island courthouse, then the testimony can be preserved by videotape and displayed to the jury.
The distance that is being discussed here is not as though the trial would be taking place in California, Arizona or some remote part of the west coast of the United States.

Finally, Mr. Goldberg makes the disingenuous argument that because the files and records of USI are in New Jersey that it would be inconveniently disruptive to the business of USI to transfer those records to Rhode Island or maintain them there for the purposes of the trial.

A major issue of this cause of action is that the business of USI was shut down and canceled by Mr. Goldberg and transferred to a different company shutting out Mr. Grady and others. Therefore, there currently is no business of USI and USI is no longer conducting business based upon the representations made to Grady by Mr. Goldberg. As such, review and production of the USI records shall not disrupt the non-existent business.

Moreover, even assuming USI is currently in business contrary to the statements of Mr. Goldberg, then its previous records would have absolutely nothing to do with its current business or activities. Moreover, even if the matter was in New Jersey, Grady would have the opportunity to review, inspect and photocopy any or all of the documents of USI at its New Jersey offices. He has those very same rights and abilities in this matter now pending in Rhode Island. Transfer will not affect that alleged "inconvenience".

Indeed, the records of USI can be forwarded to a copy service, scanned and e-mailed to Grady and to Rhode Island counsel and New York counsel for USI, Mr. Goldberg and Mindy Goldberg with a minimum amount of inconvenience to anyone. Again, the process of production of records would constitute the same alleged "inconvenience" if the matter was pending in the District Court in the State of New Jersey. Moreover, Grady is not suing upon the agreement itself but upon the misrepresentations that were made by Goldberg on behalf of USI and Mindy Goldberg. Therefore, any contention that the agreement is governed by New Jersey law or, it was entered into in New Jersey is irrelevant and immaterial to the transfer issue.

As such, the United States District Court for New Jersey is not a more appropriate or convenient forum for this matter is tried because the relevant records have to be reviewed, scanned and copied regardless of where the matter is and any witness involved in the matter except for Mr. Goldberg and his wife, live either in Connecticut or New York, and those witnesses are going to have to travel either from New York or Connecticut to Providence or from New York or Connecticut to New Jersey. In short, any minor travel inconvenience to be suffered by any witness shall not be remedied by a change in venue. Finally, the witnesses testimony, regardless of the forum for the trial can be preserved by videotape and played to the jury if their presence at trial or such a massive inconvenience.

MICHAEL F. GRADY