**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

**CASE NO: 07-237S**

MICHAEL F. GRADY, a Rhode
Island domiciliary,

Plaintiff,

v.

EDWARD GOLDBERG, a New
Jersey domiciliary, MINDY GOLDBERG,
a New Jersey domiciliary, and
UNIVERSAL SOURCING, INC., a New
Jersey corporation,

Defendants.

---

**MOTION AND MEMORANDUM OF LAW OF THE PLAINTIFF,**
**MICHAEL F. GRADY FOR LEAVE TO AMEND COMPLAINT**

The Plaintiff, MICHAEL F. GRADY, ("Grady"), serves this his Motion and Memorandum of Law for Leave to Amend Complaint and pursuant to Fed. R. Civ. P. 15(a) and Local Rule 7.1., respectfully moves the Court for an Order granting him leave to amend the Complaint which has been served in this matter. As his grounds therefore, Grady asserts as follows:

1. Grady filed this action on June 27, 2007.

2. The Defendants, Edward Goldberg, Mindy Goldberg and Universal Sourcing, Inc., filed a Motion to Dismiss and Motion to Transfer Case on August 30, 2007.

Grady seeks leave to amend the Complaint for Damages to add allegations which provide additional specificity and clarification to his fraud claim. Counsel for the Defendants

3. have attacked the allegations in the original complaint as too generic and not specific enough to meet the requirements for the rules on pleading a fraud claim.

4. Thereafter, Magistrate Judge David Martin issued a ruling on November 30, 2007 on other issues which seemed to concur with the criticisms of the defense as to the specificity of the pleading of the fraud claim in the original Complaint for Damages. As a result, and, instead of prolonging this matter, Grady desires to amend the Complaint for Damages, and, provide the detailed allegations which the defense complains are absent and provide the specificity necessary to plead a fraud claim.

5. This motion is made in good faith and it is not filed for the purpose of delay.

6. Discovery has not commenced, and, therefore, the Defendants will not be prejudiced by the amendment.

7. Pursuant to Local Rule 7.1.A.3, Grady has attempted to confer with counsel for the Defendants as to whether he agrees to or opposes the granting of this motion. However, counsel for the Defendants has not responded.

**Memorandum of Law**

Pursuant to Rule 15(a), "leave shall be freely given when justice so requires." Here, Grady seeks to amend the Complaint for Damages to assert additional factual allegations to plead his fraud claim with more detailed specificity as required by Rule 9.

The Defendants will suffer no prejudice by the granting of this motion, as no depositions have been taken in this matter nor are any pending. Moreover, there have been no previous amendments to the pleadings. No trial date is set. Therefore, granting leave to amend is appropriate. Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). ("The grant or denial of an opportunity to amend is within the discretion of the District Court, but outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

In Forman, the Supreme Court held that a court should deny leave to amend only when: 1) the amendment would be prejudicial to the opposing party; 2) there has been bad faith or undue delay by the moving party; or 3) the amendment would be futile. None of these factors is present here. Therefore, under Rule 15(a), Grady respectfully requests leave to serve and file his Amended Complaint for Damages.

WHEREFORE, the Plaintiff, MICHAEL F. GRADY, respectfully requests this Court enter an order which grants his request for leave to file the Amended Complaint for Damages and grants such other and further relief as this Court deems just and proper. Pursuant to local rules, a copy of the Amended Complaint for Damages is attached as Exhibit "1" to this motion. A proposed Order granting this motion is also attached as Exhibit "2".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 14th day of December, 2007 to: Armando E. Batastini, Esquire and Stephen M. Prignano, Esquire, Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903 and Jay Auslander, Esquire, Joseph Zelmanovitz, Esquire and Natalie Shkolnik, Esquire, Siller, Wilk, LLP, 675 Third Avenue, New York, NY 10017-5714.

MICHAEL F. GRADY, Pro Se
100 Jefferson Drive
E. Greenwich, RI 02818
401-834-9215
mgrady.mfgassociates@cox.net