UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary, Plaintiff, -against- EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation, Defendants. | : | Case No: 07-237S |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE ACTION AS AGAINST DEFENDANT MINDY GOLDBERG FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENT

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

THE COURT LACKS PERSONAL JURISDICTION OVER MINDY GOLDBERG ........ 2

A. NEITHER SPECIFIC JURISDICTION NOR GENERAL JURISDICTION IS ESTABLISHED ........ 4

B. GRADY FAILS TO ESTABLISH AN AGENCY RELATIONSHIP ........ 7

CONCLUSION ........ 9

# TABLE OF AUTHORITY

## Cases

Baker v. ICA Mortgage Corp.,
588 A.2d 616 (R.I. 1991) ........ 8

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) ........ 6, 7

Butler v. McDonald's Corp.,
110 F. Supp. 2d 62 (D.R.I. 2000) ........ 8

Cassidy v. Lonquist Management Co.,
920 A.2d 228 (2007) ........ 6

Hainey v. World AM Communications, Inc.,
263 F. Supp. 2d 338 (D.R.I. 2003) ........ 4, 7

Jameson v. Hawthorne,
635 A.2d 1167 (R.I. 1994) ........ 8

Lawrence v. Anheuser-Busch, Inc.,
523 A.2d 864 (R.I. 1987) ........ 8

Microfibers, Inc. v. McDevitt-Askew,
20 F. Supp. 2d 316 (D.R.I. 1998) ........ 4

Negron-Torres v. Verizon Communications, Inc.,
478 F.3d 19 (1st Cir. 2007) ........ 3, 4, 5

Nicholas v. Buchanan,
806 F.2d 305 (1st Cir. 1986) ........ 4

Phillips Exeter Academy v. Howard Phillips Fund,
196 F.3d 284 (1st Cir. 1999) ........ 5

Russell v. Enterprise Rent-A-Car Co.,
160 F. Supp. 2d 239 (D.R.I. 2001) ........ 8

Sawtelle v. Farrell,
70 F.3d 1381 (1st Cir. 1995) ........ 4

Ticketmaster-New York, Inc. v. Alioto,
26 F.3d 201 (1st Cir. 1994) ........ 3

United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp. (Pleasant Street I),
960 F.2d 1080 (1st Cir. 1992) ........ 4, 7

United States v. Swiss American Bank, Ltd.,
274 F.3d 610 (1st Cir. 2001) ........ 6

**Statutes**

28 U.S.C. § 1406(a) ........ 1

Fed. R. Civ. P 12(b)(6) ........ 1

Fed. R. Civ. P 9(b) ........ 1

Fed. R. Civ. P. 12(b)(2) ........ 1

Defendants Edward Goldberg, Mindy Goldberg, and Universal Sourcing, Inc. ("USI"), respectfully submit this reply memorandum of law in further support of defendants' motion to dismiss the action as against defendant Mindy Goldberg, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.[1]

## PRELIMINARY STATEMENT

Plaintiff Michael F. Grady ("Grady"), a Rhode Island resident, brought this action against defendants, each a resident of the State of New Jersey, alleging that he was fraudulently induced to enter into a contract in 2001, pursuant to which he allegedly purchased a 50% interest in USI.

In their moving papers, defendants dispositively show, through the declaration of Mindy Goldberg, that Ms. Goldberg had and has no contacts whatsoever with the State of Rhode Island: Indeed, Ms. Goldberg lives in New Jersey and has never even visited Rhode Island. She owns no property in Rhode Island, transacted no business in Rhode Island, never employed an agent or representative to transact business for her in Rhode Island, and never discussed any business with Grady (in Rhode Island or elsewhere). Indeed, Ms. Goldberg's lack of contacts with Rhode Island are so evident -- and, by contrast, Grady's contentions to the contrary so baseless, conclusory, and deficient -- as to prompt the Honorable David L. Martin, United States Magistrate Judge, to remark that Grady's motion practice has caused "these out-of-state Defendants to incur significant legal expenses which they contend is deficient on its face and

1 Defendants' motion to dismiss the action as against defendant Mindy Goldberg is part of defendants' larger motion filed on August 30, 2007, for the following relief: (1) a motion to dismiss the complaint in its entirety, pursuant to Fed. R. Civ. P 12(b)(6) and 9(b); (2) a motion to dismiss the action as against defendant Mindy Goldberg for lack of personal jurisdiction; and (3) a motion, in the alternative, for an order pursuant to 28 U.S.C. § § 1404(a) and 1406(a), transferring this action to the United States District Court for the District of New Jersey. In response to that three-part motion, plaintiff Michael F. Grady ("Grady") filed memoranda of law and declarations in opposition to the motions to dismiss Mindy Goldberg and to transfer. In response to defendants' 12(b)(6) and 9(b) motion, Grady filed a motion for leave to file an amended complaint. This reply memorandum addresses only the motion to dismiss Mindy Goldberg; defendants are filing separate memoranda with respect to the transfer and dismissal motions.

should be dismissed. The Court sees no point in granting Plaintiff jurisdictional discovery when such discovery would further increase Defendants' costs... ."

In apparent acknowledgement of the absence of any contacts by Mindy Goldberg with Rhode Island, Grady now attempts to bootstrap personal jurisdiction over her by alleging, in the most conclusory way, that defendant Edward Goldberg was her "agent" in Rhode Island with respect to alleged misrepresentations (not one of which is particularized).

As we show below, such conclusory allegations of agency are insufficient to invoke personal jurisdiction over one who, indisputably, had no contacts with the forum state. Grady also contends, again in conclusory fashion, that Mindy Goldberg sent the signed agreement and shares at issue in this case to Grady in Rhode Island by FedEx. Ms. Goldberg flatly denies that allegation and the FedEx invoice for the period, a copy of which is attached to Ms. Goldberg's accompanying reply declaration, disproves Grady's claim. In any event, such isolated acts are insufficient under the Due Process Clause to cause one to be subject to personal jurisdiction in the state in which the shipment is received.

## ARGUMENT

## THE COURT LACKS PERSONAL JURISDICTION OVER MINDY GOLDBERG

As shown in defendants' moving memorandum and as evinced by the moving declaration of Mindy Goldberg in support of the motion, there are no contacts between Mindy Goldberg and Rhode Island sufficient to satisfy due process and subject her to personal jurisdiction in Rhode Island. Indeed, Grady does not dispute the following facts, all of which set forth in Ms. Goldberg's declaration: Ms. Goldberg resides in New Jersey and has never resided in Rhode Island; Ms. Goldberg does not own any real estate or other property in Rhode Island; Ms.

Goldberg has never been employed in Rhode Island, nor has she ever been a paid employee of USI, a New Jersey corporation; Ms. Goldberg has never personally transacted business in Rhode Island; Ms. Goldberg never made any representations to Grady (in Rhode Island or elsewhere); and Ms. Goldberg has never even ever visited Rhode Island.

By contrast with the very specific, densely factual declaration by Ms. Goldberg pointing to the absence of any contacts between her and Rhode Island is the utter lack of any detailed evidence by Grady justifying his claim that Ms. Goldberg is subject to jurisdiction in Rhode Island. Indeed, this glaring disparity in evidentiary proffers was not lost on Magistrate Judge David L. Martin who, in his "Memorandum and Order re Plaintiff's Motions To Compel Depositions and for Enlargement," roundly criticized Grady for multiplying the costs of litigation to these out-of-state defendants (Memorandum and Order re Plaintiff's Motion to Compel Depositions and for Enlargement, dated November 30, 2007, at 6-9; a copy of this Memorandum and Order is attached to the accompanying reply declaration of Jay S. Auslander, at Exhibit A).

There is nothing in Grady's latest submission, neither in his declaration, nor in his memorandum of law, that remedies his failure to specify any contacts between Mindy Goldberg and Rhode Island. As we set forth in defendants' moving memorandum, in order to subject a non-resident of Rhode Island to personal jurisdiction in a case where, as here, jurisdiction is based on diversity, the court "must find contacts that, in the aggregate satisfy the requirements of both the forum state's long-arm statute and the due process clause of the Fourteenth Amendment." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994) (footnote omitted). The burden is on the plaintiff to establish personal jurisdiction over a defendant. *Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007); *Sawtelle v.*

*Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995); *Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir. 1986) (plaintiff "did not satisfy his burden of proving facts necessary to sustain personal jurisdiction"); *Hainey v. World AM Communications, Inc.*, 263 F. Supp. 2d 338, 341 (D.R.I. 2003) ("The burden of establishing personal jurisdiction over the defendant rests on the plaintiff"). Grady has not satisfied this burden.

In his opposition papers, Grady switches tactics and now claims that, when making certain unspecified misrepresentations to Grady in Rhode Island (not one of which are particularized), Ms. Goldberg's husband, defendant Edward Goldberg, was supposedly speaking on her behalf as her "agent." As we explain below, Grady's "agency" argument does not pass the due process test.

**A. <u>Neither Specific Jurisdiction Nor General Jurisdiction Is Established</u>**

As we show in our moving memorandum, Fourteenth Amendment considerations of due process require that a plaintiff prove the existence of either "specific" jurisdiction, or "general" jurisdiction. *Negron-Torres*, 478 F.3d at 24. Grady can prove neither, whether based on his new "agency" theory or otherwise. There is no dispute that general jurisdiction is lacking: there is no allegation of any "continuous and systematic contacts with Rhode Island." *Microfibers, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D.R.I. 1998). With respect to "specific" personal jurisdiction, a plaintiff must show that the "cause of action arises directly out of, or relates to, the defendants' forum-based contacts." *Negron-Torres,* 478 F.3d at 24 (quoting *United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp. (Pleasant Street I)*, 960 F.2d 1080, 1088-89 (1st Cir. 1992)).

And, as set forth in defendants' moving memorandum, this showing is measured by three criteria: (i) relatedness, (ii) purposeful availment, and (iii) reasonableness. *Phillips Exeter*

*Academy v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999). Not one of these three criteria is present here.

First, Grady cannot establish "specific" personal jurisdiction over Ms. Goldberg because the requirement of "relatedness" requires a "proximate cause" nexus between the cause of action and Ms. Goldberg's Rhode Island contacts, *Negron-Torres*, 478 F.3d at 24-25, and Ms. Goldberg never even spoke to Grady about his alleged agreement. Even if we were to assume as true Grady's new contention that Edward Goldberg acted *in Rhode Island* as the alleged "agent" of Ms. Goldberg, the only such incident that is in any way identified in Grady's submission consists of a single meeting held on September 21, 1999, in the office of Edward P. Pieroni, a tax attorney, which resulted in Mr. Pieroni sending to Edward Goldberg and Grady his "plan" of how to proceed. *See* Declaration of Edward P. Pieroni in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction over Mindy Goldberg, at ¶¶ 2-5. This early meeting (which allegedly occurred years before Grady alleges the existence of a written agreement) cannot be deemed as the proximate cause for the claim of fraud in the inducement. Indeed, a review of the "plan" developed by Mr. Pieroni, attached to his declaration and submitted by Grady on this motion, shows the absence of any "representations." The "plan" is styled a "discussion outline" and discusses the *possible* conversion of the corporation to a limited liability company. The "plan" does not even reflect the $30,000 purchase price later inserted in the alleged agreement, but rather reflects an alleged purchase price of $48,000.

Grady also contends that, on or about February 28, 2002, he received in Rhode Island a FedEx package sent to him from Ms. Goldberg containing the signed agreement and the shares

described in the complaint.[2] Grady provides no details of this transmission, nor does he explain the basis for his knowledge that it was Ms. Goldberg who sent him these documents. Indeed, the allegation is not true: Ms. Goldberg flatly denies it in her accompanying reply declaration and she attaches to that declaration a copy of the FedEx invoice which disproves that she personally sent anything to Grady. In addition, as a matter of law, the sending of the agreement into Rhode Island does not suffice to subject Ms. Goldberg to personal jurisdiction in Rhode Island. "A contract, by itself, cannot automatically establish minimum contacts." *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 621 (1st Cir. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174 (1985)). Moreover, nothing in the agreement gives rise to Grady's claim, for purposes of establishing proximate cause, because Grady is claiming not breach of contract; but rather fraud in the inducement.

Second, with respect to the "purposeful availment test" of specific jurisdiction, given that Ms. Goldberg never transacted *any* personal business in Rhode Island -- and certainly none with respect to Grady's claim -- she could never foresee being subject to Rhode Island jurisdiction. Nor could the alleged delivery by FedEx of the agreement to Grady (which is disproven by the independent FedEx records in any event) suffice as purposeful availment. *See Cassidy v. Lonquist Management Co.*, 920 A.2d 228 (2007) (single delivery in Rhode Island did not constitute purposeful availment of Rhode Island jurisdiction).

Third, Grady cannot establish that it would be "reasonable" to subject Ms. Goldberg to Rhode Island jurisdiction under the five so-called "Gestalt" factors, which are:

> (1) the defendants' burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in

2 This "February 28, 2002" date is taken from paragraph 33 of Grady's proposed amended complaint submitted in support of his motion for leave to file an amended complaint. Not one of the declarations submitted by Grady in opposition to the motion to dismiss Ms. Goldberg contains any such details.

> obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Hainey*, 263 F.Supp.2d at 343 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *United Elec. Workers*, 960 F.2d at 1088)). Not one of these factors supports subjecting Ms. Goldberg to personal jurisdiction in Rhode Island: (i) Magistrate Judge David L. Martin has already indicated that it would be unduly burdensome for Ms. Goldberg, a resident of New Jersey who never even visited Rhode Island, to be subject to a lawsuit in Rhode Island; (ii) Rhode Island has no particular interest in adjudicating what is essentially a private dispute concerning an ownership interest in a New Jersey corporation, pursuant to an alleged agreement "entered into" in New Jersey and "governed by" New Jersey law; (iii) effective relief can be obtained in New Jersey, where jurisdiction exists over all defendants and most witnesses; (iv) for the reasons set forth in "(ii)" above, Rhode Island's judicial system should have no particular interest in resolving this New Jersey-oriented controversy; and (v) there are no "substantive social policies" to be promoted by litigating this case here, as opposed to New Jersey.

Thus, Grady has failed to allege specific facts sufficient to show that the Court may exercise specific jurisdiction over Ms. Goldberg.

## B. <u>Grady Fails To Establish An Agency Relationship</u>

Even accepting Grady's conclusory allegations that Edward Goldberg acted as Ms. Goldberg's "agent," the issue is not whether an agency relationship existed, but rather whether a sufficient relationship exists under the Due Process Clause to permit the exercise of personal jurisdiction over Ms. Goldberg. As we show below, Grady fails this test as well.

Grady has the burden of producing evidence "that, if credited, is enough to support the finding of all facts essential to personal jurisdiction." *Russell v. Enterprise Rent-A-Car Co.*, 160 F. Supp. 2d 239, 249 (D.R.I. 2001). This includes producing evidence of all of the facts essential to establishing an agency relationship, if, as here, the agency relationship is the means used by the plaintiff to establish personal jurisdiction over the defendant. *Id.*

Under Rhode Island law, three elements must be shown in order to establish an agency relationship:

> First, the principal must manifest that the agent will act for him. *Butler v. McDonald's Corp.*, 110 F. Supp. 2d 62, 66 (D.R.I. 2000). Second, the agent must accept the undertaking. *Id.* Third, the parties must agree that the principal will control the undertaking. *Id.* This Court recently noted that the existence of an agency relationship turns on whether or not one party has a right to control the other. *Id.*

*Russell*, 160 F. Supp. 2d at 251. *See Jameson v. Hawthorne*, 635 A.2d 1167, 1171 (R.I. 1994) ("To establish an agency relationship, plaintiffs must show three elements: (1) a manifestation by the principal that the agent will act for him or her; (2) the agent's acceptance of the undertaking; and (3) an agreement by the parties that the principal will control the undertaking"); *Baker v. ICA Mortgage Corp.*, 588 A.2d 616, 617 (R.I. 1991) (same); *Lawrence v. Anheuser-Busch, Inc.*, 523 A.2d 864, 867 (R.I. 1987) (same).

Like the plaintiff in *Russell*, Grady has not proffered *any* evidence sufficient to satisfy *any* of these three elements: Grady does not allege any specific facts showing that Ms. Goldberg, the alleged "principal," "manifest[ed]" that Edward Goldberg would act for her, nor does he allege that Edward Goldberg ever accepted such an "undertaking." Most importantly, Grady does not allege -- and it would be absurd for him even to suggest it -- that Ms. Goldberg and Edward Goldberg agreed that the principal [Ms. Goldberg] would "*control* the undertaking."

Thus, Grady simply has not alleged sufficient facts to demonstrate that Edward Goldberg was acting as the agent of Ms. Goldberg for purposes of imputing jurisdiction to Ms. Goldberg.

## CONCLUSION

In sum, Grady cannot meet his burden of establishing special or general personal jurisdiction over Ms. Goldberg. Subjecting Ms. Goldberg to jurisdiction in Rhode Island would violate her due process rights. Accordingly, the Court should dismiss the action as against her.

Dated: December 28, 2007

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*pro hac vice*)
Natalie Shkolnik (*pro hac vice*)
Joseph Zelmanovitz (Of Counsel) (*pro hac vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 28th day of December, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini