UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary,<br><br>Plaintiff,<br><br>-against-<br><br>EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,<br><br>Defendants. | : | Case No: 07-237S |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION, IN THE ALTERNATIVE, TO TRANSFER <u>THE ACTION TO THE DISTRICT OF NEW JERSEY</u>**

# TABLE OF CONTENT

PRELIMINARY STATEMENT ....................................................1

ARGUMENT ....................................................2

ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF NEW JERSEY ....................................................2

CONCLUSION ....................................................6

# TABLE OF AUTHORITY

## Cases

Cianbro Corp. v. Curran-Lavoie, Inc.,
814 F.2d 7 (1st Cir. 1987) .......... 2

Coady v. Ashcraft & Gerel,
223 F.3d 1 (1st Cir. 2000) .......... 2

Feinstein v. Brown,
304 F. Supp. 2d 279 (D. R.I. 2004) .......... 2

SW Indus., Inc. v. Aetna Cas. & Sur. Co.,
653 F. Supp. 631 (D. R.I. 1987) .......... 2

## Statutes

28 U.S.C. § 1404(a) .......... 1, 2, 6

28 U.S.C. § 1406(a) .......... 1

Fed. R. Civ. P 12(b)(6) .......... 1

Fed. R. Civ. P 9(b) .......... 1

Defendants Edward Goldberg, Mindy Goldberg, and Universal Sourcing, Inc. ("USI"), respectfully submit this reply memorandum of law in further support of defendants' motion, in the alternative, to transfer the action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).[1]

## PRELIMINARY STATEMENT

As we set forth in more detail below, Grady sets forth no articulable reason as to why this New Jersey-related case should not be transferred to the United States District Court for the District of New Jersey, where (i) all of the parties except Grady reside in New Jersey; (ii) the overwhelming number of trial witnesses are within the subpoena power of the District Court in New Jersey (and one of the material witnesses not within the Court's subpoena power nonetheless lives far closer to the District of New Jersey than he does to this Court); the books and records are located in New Jersey; the agreement that Grady conclusorily claims he was induced to enter by fraud states expressly that it was entered into in the State of New Jersey and is governed by New Jersey law; and the core, material facts all occurred in New Jersey. That Grady unilaterally selected the District of Rhode Island as the forum to hear this case despite all those factors (and no doubt to run-up defendants' costs and burden in defending against his allegations) does not alter the conclusion that the overriding factor at issue on a motion to transfer -- the "balance of convenience" -- favors transferring venue to the District of New

---

1 Defendants' motion to transfer venue is part of defendants' larger motion filed on August 30, 2007, for the following relief: (1) a motion to dismiss the complaint in its entirety, pursuant to Fed. R. Civ. P 12(b)(6) and 9(b); (2) a motion to dismiss the action as against defendant Mindy Goldberg for lack of personal jurisdiction; and (3) a motion, in the alternative, for an order pursuant to 28 U.S.C. § § 1404(a) and 1406(a), transferring this action to the United States District Court for the District of New Jersey. In response to that three-part motion, plaintiff Michael F. Grady ("Grady") filed memoranda of law and declarations in opposition to the motion to dismiss Mindy Goldberg and to transfer; in response to defendants' 12(b)(6) and 9(b) motion, Grady moved for leave to file an amended complaint. This reply memorandum addresses only the motion to transfer. Defendants are filing separate memoranda with respect to the motion to dismiss for lack of personal jurisdiction and with respect to Grady's motion for leave to amend.

Jersey. Grady's attempt to downplay the significance of each of these dispositive factors merely underscores his inability to suggest a single fact, other than his residence, that supports maintaining this lawsuit in this Court.

**ARGUMENT**

**ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF NEW JERSEY**

As we set forth in "Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint or, Alternatively, to Transfer the Action to the District of New Jersey," transfer of this case to the District of New Jersey is appropriate, for there is barely a nexus between Grady's claim and this district.

In his opposition papers, Grady does not appear to dispute the factors to be considered by the Court in determining whether to grant a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), as far as is relevant to the facts of this case: the convenience of parties and witnesses and the availability of documents. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). *See Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation").

Rather, Grady instead emphasizes the "strong presumption" favoring the plaintiff's choice of venue, while failing to recognize that the presumption may be overcome by a showing that a "balance of convenience" favors transfer. *Feinstein v. Brown,* 304 F. Supp. 2d 279, 283 (D. R.I. 2004) (citing *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D. R.I. 1987).

As we now show, with respect to each of the factors used to weigh the balance of convenience, Grady suggests nothing that would tilt the balance his way:

(1) Plaintiff's Choice of Forum: As we note in defendants' moving memorandum, the very agreement that Grady claims to have been duped into signing (a copy of which is attached to the complaint) provides that the contract was entered into in New Jersey and is to be governed by New Jersey law. Those provisions -- which Grady nowhere disavows -- dispositively show that Grady foresaw, and was agreeable to, adjudicating matters relating to the agreement in the District of New Jersey. While Grady now argues that his claim "is not based upon the contract," he alleges in his declaration that "Mrs. Goldberg delivered the ultimate documentation and representations [*i.e.*, the agreement] as well as the original shares of stock to Mr. Grady in Rhode Island." Declaration of Michael F. Grady in Opposition to the Motion to Dismiss and/or Transfer and Personal Jurisdiction over Mindy Goldberg, at p. 2. The agreement itself is thus central to Grady's claim and the choice of law provision in the agreement provides for New Jersey law, not the law of Rhode Island.

(2) Convenience of the Parties: Grady concedes that all parties, other than himself, are New Jersey residents and, other than Grady himself, all parties would be inconvenienced by having to litigate this case hundreds of miles away from their home and businesses. Grady attempts to downplay the burden to defendants by suggesting that a four-hour drive to the courthouse is a snap. That is nonsense. As Magistrate Judge Martin already indicated, the burden on these out-of-state defendants already caused by Grady's motion practice is significant and inexcusable. A trial in Rhode Island would increase that burden many times over. Moreover, defendants Edward Goldberg and Mindy Goldberg are a married couple with four children, three of which are younger than 10 years old. As Mr. Goldberg sets forth in his accompanying reply affidavit,

for the Goldbergs to leave their four children for days on end to try this case in Rhode Island would be a feat of childcare and housekeeping gymnastics.

(3) Convenience of Witnesses and Location of Documents: As is further set forth in the accompanying declaration of defendant Edward Goldberg, the material witnesses for the trial of this matter (other than Grady) are out-of-state residents. These include a former employee and USI's accountant, who reside or work in New York City and are close to and within the subpoena power of the District of New Jersey. Documents are located at USI's offices in New Jersey. Grady's response on this point is illogical and unfounded: He suggests that Edward Goldberg's father, Zelly Goldberg, USI's former accountant and a material witness, resides in Hartford, and he could be urged to travel to Rhode Island. However, is perhaps easier to get to Newark from Hartford, given that interstate highways connect Newark with Hartford, than it is getting to Providence, where the most direct routes (Route 6 and Route 44) are, for long streches, two lane local roads and where traffic moves much more slowly than on multi-lane interstates. Grady also glibly suggests, without explanation, that the accountants' testimony would be "cumulative." That is an assumption without a basis in fact -- at least none that is proffered by Grady. The two accountants, Messrs. Zelly Goldberg and Albert Tucker, served as USI's certified public accountants at different times. Their testimony would not be cumulative.

Grady also suggests that all witnesses can be deposed and their testimony memorialized by videotape. To the contrary, this is an important reason for transferring the action to New Jersey: there is no comparison between deposition testimony and live testimony. The jury as well as the parties should have the benefit of hearing the testimony in person.

As for the documents indisputably being located in New Jersey, Grady suggests placing all books and records on a disk that could be sent to Grady. The documents cannot be so simply

manipulated as Grady would have it. And contrary to Grady's supposition, as stated by defendant Edward Goldberg in his accompanying declaration, USI is still in business and has a current and continuing need for its business records -- all of which are located in New Jersey.

(4) Connection Between the Forum and the Issues: There really is not any connection between Rhode Island and Grady's claim in this action, other than that Grady lives in Rhode Island. By contrast, there *is* a strong nexus between New Jersey and the claim: The alleged agreement at the center of the claim provides expressly that it was entered into in New Jersey and is to be governed by New Jersey law. USI is a New Jersey corporation with its principal offices there and the individual defendants reside in New Jersey, as well. Even assuming, *arguendo*, that a fraud was committed, it was committed in New Jersey by New Jersey residents involving shares in a New Jersey corporation. USI had a Rhode Island office only once and that was for no reason other than to accommodate Grady's request for work space near his residence. Not even Grady argues that USI's headquarters and its books and records, not to mention the overwhelming bulk of its operations, occurred anywhere other than New Jersey.

(5) Law to Be Applied: As set forth above, the agreement at the center of this dispute itself provides for the application of New Jersey law.

(6) State or Public Interest: This is a private dispute, not impacting on any state interest of Rhode Island. By contrast, as the controversy concerns the ownership of USI, New Jersey would have a greater interest in the adjudication of the dispute, because USI is a New Jersey corporation.

**CONCLUSION**

For the above reasons, to the extent the Court is not inclined to dismiss this action outright, defendants respectfully request that the action be transferred, pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), to the United States District Court for the District of New Jersey.

Dated: December 28, 2007

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Stephen M. Prignano (#3649)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

SILLER WILK LLP
Jay S. Auslander (*pro hac vice*)
Natalie Shkolnik (*pro hac vice*)
Joseph Zelmanovitz (Of Counsel) (*pro hac vice*)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(212) 752-6380 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 28th day of December, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini