UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL F. GRADY, :
Plaintiff, :
:
v. : CA 07-237 ML
:
EDWARD GOLDBERG, :
MINDY GOLDBERG, and :
UNIVERSAL SOURCING, INC., :
Defendants. :

**ORDER**
**GRANTING PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT**

Before the Court is the Motion and Memorandum of Law of the Plaintiff, Michael F. Grady[,] for Leave to Amend Complaint (Document ("Doc.") #30) ("Motion for Leave to Amend Complaint" or "Motion").[1] Under Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading once as a matter of course at any

[1] Plaintiff combined his motion and supporting memorandum into a single document. This is not in accordance with District of Rhode Island Local Rule Cv 7(a) which requires that every motion, unless specifically excepted, be accompanied by a separate memorandum of law.

> (a) Form and Content. Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief **and shall be accompanied by a separate memorandum of law** setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons why the relief requested should be granted.

D.R.I. LR Cv 7(a) (bold added). Plaintiff's attention is directed to the Local Rules.

time before a responsive pleading is served.[2] A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir. 1989)("a motion to dismiss is not a 'responsive pleading' within the Rule")(citing McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978)).

In this case, Defendants have not filed an answer to the Complaint. Instead, they have filed a motion to dismiss. See Defendants' Motion to Dismiss or Transfer (Doc. #10). Because a motion to dismiss is not a responsive pleading, see Dartmouth Review, 889 F.2d at 22, Plaintiff retains the right to amend his pleading once "as a matter of course" pursuant to Rule 15(a), and he is not required to seek leave of court in order to amend his complaint, see Hunt v. Spears, Civil No. 07cv00355 BEN (CAB), 2007 WL 2344909, at *1 (S.D. Cal. Aug. 16, 2007). Courts which have been presented with motions for leave in such circumstances have dealt with them in different ways. Compare Breier v. Northern California Bowling Proprietors Assoc., 316 F.2d 787, 789 (9th Cir. 1963)(stating that in such circumstances "a motion for leave to amend (though unnecessary) must be granted if filed"), with Net Worth Tax League v. Wisconsin, 56 F.R.D. 141, 142 (E.D. Wis. 1972)(denying plaintiff's motion for leave to amend

---

[2] Fed. R. Civ. P. 15(a) provides in relevant part:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
>
> (A) before being served with a responsive pleading; or
>
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

Fed. R. Civ. P. 15(a)(1).

complaint "without prejudice"); see also Schwartz v. Graebel Van Lines, Inc., No. 05 C 4682, 2006 WL 1343533, at *1 n.3 (N.D. Ill. May 15, 2006)(terminating motion for leave to amend complaint where no responsive pleading has been served). After consideration, the Court concludes, primarily because of Plaintiff's pro se status, that the best course of action is to grant the Motion.

Accordingly, the Motion for Leave to Amend is GRANTED. Plaintiff shall file and serve his amended complaint on Defendants within fourteen days of the date of this Order.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 9, 2008