UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL F. GRADY, a Rhode Island domiciliary,

Plaintiff,

-against-

EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,

Defendants.

Case No: 07-237S

**DECLARATION OF JOSEPH ZELMANOVITZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER THE ACTION**

Joseph Zelmanovitz solemnly declares under penalty of perjury as follows:

1. I am of counsel to the firm of Siller Wilk LLP, co-counsel for defendants in this action. I submit this declaration in support of defendants' motion for an order (i) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the amended complaint filed by plaintiff Michael F. Grady ("Grady"), on the ground that it fails to state a claim, (ii) pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, dismissing the amended complaint on the ground that it fails to plead fraud with particularity, and (iii) pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing the action as against defendant Mindy Goldberg for lack of personal jurisdiction. In the event the Court does not dismiss the amended complaint, defendants request that the action be transferred, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to the United States District Court for the District of New Jersey.

2. A copy of the amended complaint is attached to this declaration as Exhibit A.

3. The amended complaint, like the original complaint, contains a single cause of action against defendants, which is labeled "fraud in the inducement." As is set forth in the accompanying memorandum of law, this claim should be dismissed (i) pursuant to Fed. R. Civ. P. 12(b)(6) because, on its face, the amended complaint, like the original complaint, fails to plead a claim for fraud in the inducement and (ii) pursuant to Fed. R. Civ. P. 9(b), because the amended complaint, like the original complaint, fails to particularize, in any respect, the circumstances of the alleged fraud.

4. Defendant Mindy Goldberg (whose full name is Darlene Mindy Goldberg) also moves to dismiss the action as against her, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

5. Finally, to the extent the Court is not inclined to dismiss the amended complaint outright, defendants request that the Court transfer the action, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to the United States District Court for the District of New Jersey, because it is the more appropriate and convenient forum for this dispute.

6. In response to the original complaint, defendants filed a three-part motion: (1) to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b); (2) to dismiss the action as against defendant Mindy Goldberg for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); and (3) alternatively, to transfer the action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). In response to the Rule 12(b)(6) and 9(b) aspect of the motion, Grady filed a motion for leave to amend, which was granted. With respect to

that part of the motion pertaining to lack of personal jurisdiction and transfer, Grady filed his opposition to the motion in the form of a memorandum of law and affidavits, and defendants submitted their reply in the form of memoranda of law and reply declarations. Thus, those two parts of defendants' original motion, pertaining to the dismissal of Mindy Goldberg for lack of personal jurisdiction and the request in the alternative to transfer the case, are presently *sub judice*. To complete the record with respect to the amended complaint, defendants repeat the jurisdictional and transfer motions here in response to the amended complaint, although defendants rely on their prior submissions to the Court in support of those motions. Therefore, I have attached to this declaration, as Exhibits B to L, respectively, the following: (B) "Defendants' Motion to Dismiss or Transfer" and "Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss The Complaint Or, Alternatively, To Transfer The Action To The District Of New Jersey," dated August 30, 2007; (C) "Declaration of Jay S. Auslander in Support of Defendants' Motion to Dismiss or to Transfer the Action," dated August 30, 2007; (D) "Declaration of Defendant Edward Goldberg in Support of Motion to Dismiss or Transfer," dated August 29, 2007; (E) "Declaration of Defendant Darlene Mindy Goldberg in Support of Motion to Dismiss or Transfer," dated August 29, 2007; (F) "Memorandum of Law in Opposition to the Motion to Transfer," dated December 14, 2007; (G) "Memorandum of Law in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction Over Mindy Goldberg" dated December 14, 2007; (H) "Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Action as Against Mindy Goldberg for Lack of Personal Jurisdiction," dated December 28, 2007; (I) "Reply Declaration of Jay S. Auslander in Further Support of

Defendants' Motion to Dismiss the Action as Against Defendant Darlene Mindy Goldberg for Lack of Personal Jurisdiction," dated December 28, 2007; (J) "Reply Declaration of Defendant Darlene Mindy Goldberg in Further Support of Motion to Dismiss the Action Against Her for Lack of Personal Jurisdiction," dated December 28, 2007; (K) "Defendants' Reply Memorandum of Law in Support of Their Motion, in the Alternative, to Transfer the Action to the District of New Jersey," dated December 28, 2007; and (L) "Reply Declaration of Defendant Edward Goldberg in Further Support of Defendants' Motion to Transfer the Action," dated December 28, 2007.

7. I have also attached to this declaration as Exhibit M, a copy of the Memorandum and Order re Plaintiff's Motion to Compel Depositions and for Enlargement, dated November 30, 2007, which is referred to in defendants' accompanying memorandum of law.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 17th day of January, 2008, in New York, New York.

Joseph Zelmanovitz