# D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary,<br><br>Plaintiff,<br><br>-against-<br><br>EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,<br><br>Defendants. | : | Case No: 07-237S |

**DECLARATION OF DEFENDANT EDWARD GOLDBERG**
**<u>IN SUPPORT OF MOTION TO DISMISS OR TRANSFER</u>**

EDWARD GOLDBERG solemnly declares under penalty of perjury, as follows:

1. I am one of the defendants in this action and am the operations manager of defendant Universal Sourcing, Inc. ("USI"). I submit this declaration in support of defendants' motion to dismiss this action or transfer venue, pursuant to 28 U.S.C. § § 1406(a) and 1404(a), to the United States District Court for the District of New Jersey. I have personal knowledge of the facts set forth below.

2. As I understand it, the grounds for dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on the failure to state a claim for relief, are set forth in the accompanying memorandum of law. This declaration provides the factual basis for defendants' alternative request that the case be transferred to the United States District Court for the District of New Jersey.

3. Other than plaintiff Michael Grady ("Grady"), not one of the parties in this action resides in Rhode Island. USI is a New Jersey corporation with its principal place of business located at 117 Fort Lee Road, Leonia, New Jersey. I and my wife, defendant Darlene Mindy

Goldberg, reside in Teaneck, New Jersey. It would be very burdensome for us to have to leave our home and children to litigate this matter in Rhode Island and to attend trial there.

4. USI maintains its records at its offices in Leonia, New Jersey. USI's business is transacted at its New Jersey office. The only connection between USI and Rhode Island is a small office that USI rented there solely to accommodate Grady's sales activities.

5. Not one of the material witnesses in this action resides in Rhode Island, except for Grady himself. Such material witnesses include:

(i) Myself.

(ii) My wife, defendant Darlene Mindy Goldberg.

(iii) My father, Zelly Goldberg, who was USI's certified public accountant. We expect Mr. Goldberg to testify concerning the absence of any payment by Grady for the acquisition of shares of stock in USI as well as with respect to the Schedule K-1's to Form 1065 issued by USI (none reflecting any ownership interest by Grady). Mr. Goldberg resides in New Haven, Connecticut.

(iv) Albert Tucker, the present certified public accountant for USI. Mr. Tucker's offices are located in New York, New York. We expect Mr. Tucker, too, to testify concerning the absence of any payment by Grady as well as with respect to the Schedule K-1's issued by USI.

(v) Karina Riftin, formerly the bookkeeper for USI, who, similarly, we expect to testify concerning the books and records of USI. Ms. Riftin is no longer employed by USI and resides in Staten Island, New York.

6. The files and records of USI are relevant to this action, for they demonstrate that Grady was never a shareholder and that he did not pay for any shares of stock in USI. Those records and files are located at USI's offices in Leonia, New Jersey. It would be inconvenient and disruptive to USI's business to have to transfer those records to Rhode Island, or to maintain them there for purposes of a trial.

7. A copy of the alleged agreement by which Grady claims to own shares of stock in USI is attached to the complaint. That agreement expressly provides that it was entered into in New Jersey and is governed by New Jersey law.

8. The United States District Court for the District of New Jersey is the more appropriate forum for this matter, because (i) it is where the relevant records are located, (ii) all of the parties to this action, except for Grady, reside there, and (iii) two of the key witnesses, Mr. Albert Tucker and Ms. Katrina Riftin, may be compelled by subpoena to testify in New Jersey, but not in Rhode Island.

9. For the above reasons and for the reasons set forth in defendants' memorandum of law, defendants respectfully request that in the event the Court does not dismiss this action, it should transfer the action to the United States District Court for the District of New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of August 2007, in Teaneck, New Jersey.

EDWARD GOLDBERG

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2007, I caused a true copy of the within Declaration of Edward Goldberg to be delivered by first class mail, postage prepaid, to the following party:

Michael F. Grady, *pro se*
100 Jefferson Drive
East Greenwich, RI 02818

/s/ Armando E. Batastini