# F

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. CA 07-237S

Plaintiff,

v.

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO TRANSFER**

The Plaintiff, MICHAEL F. GRADY ("Grady"), and pursuant to the Federal Rules of Civil Procedure and Local General Rules of the United States District Court for the District of Rhode Island, serves this his Memorandum of Law In Opposition to the Motion of the Defendants to Transfer the matter to the District Court of New Jersey based upon the allegations that Rhode Island is an inconvenient forum.

In Diaz, the defense must conceive there is a "strong presumption" in favor of the Plaintiff with regard to the choice of venue. That presumption is only overcome through a balancing of convenience that they would transfer when there are two (2) actions filed in different Federal courts concerning the same issue. Feinstein v. Brown , 304 F. Supp. 2nd 279, 283 (D.R.I. 2004). Assuming the factors conditionally waived and the transfer under 28 U.S.C. 1404(a) are reviewed, there is no reason to overcome this strong presumption favoring the original choice of forum based on a convenience factor. Indeed, an analysis of those factors

would indicate that a transfer is not warranted one Plaintiff's choice of forum as a strong presumption favoring that venue and the defense argument that the contract is governed by New Jersey law is irrelevant and immaterial because the claim is not based upon the contract. Secondly, convenience of the parties. Any litigation is inconvenient for any party. USI had an office in Rhode Island and Plaintiff resides in Rhode Island. The fact that the individual Defendants may have to drive four (4) hours to get to trial for a two (2) day trial, hardly seeks balance of convenience in their favor. The witnesses also don't live in New Jersey but reside either in New York or Connecticut which is equally distant from a selected forum in Rhode Island or a selected forum in New Jersey.

The convenience of the witnesses and the location of the documents does not justify for a transfer here. The USI accountants include the father of Goldberg who resides in Hartford, Connecticut, and, another alleged accountant of USI who obviously will testify as to the same facts and his testimony will be cumulative. Further, the in-house bookkeeper for USI also lives in New York, and, therefore, their location does not millicate against transfer. Their depositions will have to be taken where the reside and their depositions can be preserved by videotape and shown to the jury if it would be inconvenient for them to appear. Obviously, these are witnesses the defense wants to use at time of trial so apparently they would be able to subpoena them, either for deposition or convince them to appear either at a trial either in Rhode Island or New Jersey.

Finally, the argument with regard to the location of the documents is also unpersuasive. All of the documents can be sent out to a copy service, scanned, put on a disk and sent to Grady at the same time they are delivered to counsel for USI. USI apparently is no longer in business and consequently, has no current need for any of those records to conduct its business.

Therefore, the location of documents, especially with the internet technology we have today, is really irrelevant. Plaintiff shall have to travel to New Jersey to review those records regardless of whether the trial was in the forum of New Jersey or in the forum of Rhode Island and have them sent out to be photocopied. Therefore, the location of the documents again is simply a red herring. There is indeed a connection between the fraud and the issues. The fraud was committed in Rhode Island by a New Jersey resident in the Rhode Island office of a New Jersey corporation. The fraud was to convince a Rhode Island resident to invest substantial amounts of time, effort, money and energy into a company which had an office in Rhode Island, and, through it, generated a substantial amount of sales and commissions. Consequently, there is a strong nexus between Rhode Island and this action.

With regard to the law to be applied, this is a cause of action for fraud in the inducement. It is not based upon the contract, and, indeed the fraud in the inducement action negates the contract. Currently, the fact that the contract designates New Jersey law as being applicable to the contract has absolutely no bearing, is totally irrelevant, immaterial to the issues in this case as presently plead.

Finally, with regard to any state or public interest, this indeed, is a private dispute. However, there should be a state and public interest in the State of Rhode Island for the courts of Rhode Island to protect its citizens from being defrauded in business transactions which take place in Rhode Island through Rhode Island offices.

In summary, the balance of the convenience is in favor of this matter being conducted in Rhode Island. None of the arguments made by the defense overcome the "strong presumption" which favors the choice of forum selected by the Plaintiff. Consequently, the Court should deny the motion to transfer based upon the doctrinal forum of non-convenience as Rhode Island is

strongly presumed to be a proper forum and there is no great inconvenience to any of the parties or the witnesses in having the matter tried in Rhode Island as opposed to New Jersey. Again, the difference in the travel is de minimus and is not a matter that is being sought to be transferred to California, Arizona or some other remote state.

WHEREFORE, based on the above, the Plaintiff, MICHAEL F. GRADY requests that this Court enter an Order which denies the Motion to Transfer based upon the doctrine of forum of non-convenience and grants such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 14th day of December, 2007 to: Armando E. Batastini, Esquire and Stephen M. Prignano, Esquire, Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903 and Jay Auslander, Esquire, Joseph Zelmanovitz, Esquire and Natalie Shkolnik, Esquire, Siller, Wilk, LLP, 675 Third Avenue, New York, NY 10017-5714.

MICHAEL F. GRADY, Pro Se
100 Jefferson Drive
E. Greenwich, RI 02818
401-834-9215
mgrady.mfgassociates@cox.net