# G

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. CA 07-237S

Plaintiff,

v.

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION <u>OVER MINDY GOLDBERG</u>**

The Plaintiff, MICHAEL F. GRADY ("Grady"), and pursuant to the Federal Rules of

Civil Procedure and Local General Rules of the United States District Court for the District of Rhode Island, serves this his Memorandum of Law In Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction Over Mindy Goldberg, and, as his grounds therefore would state as follows:

1. Despite the Declaration of Mindy Goldberg, she does indeed have sufficient minimal contacts with State of Rhode Island which is the subject of personal jurisdiction before this Court. Attached hereto, made a part hereof, and, marked as Exhibit "1" is the Declaration of Michael F. Grady and the Declaration of Edward Pieroni, Esquire. Both indicate that Edward Goldberg, as an agent and on behalf of

Mindy Goldberg, did in fact negotiate on behalf of Mindy Goldberg, the agreement for the transfer of the shares of stock in Universal Sourcing, Inc. ("USI") and by Mindy Goldberg at various times between 1997 and 1999. Moreover, according to the Declaration of Grady, Mindy Goldberg forwarded the agreement dated January, 1999 which transferred the shares of stock which she held in USI to Grady by Federal Express and that document was delivered in Rhode Island. Moreover, the original certificate of shares of stock were delivered by Mindy Goldberg to Grady in Rhode Island.

Here, the Declarations of Grady and Edward Pieroni, Esquire meet all of the requirements of Negron-Torres v. Verizon Communications, 478 Fed. 3d 19, 23 (1st Cir. 2007). Indeed, the Declarations show that Mindy Goldberg had both contact with Rhode Island through her forwarding by Federal Express the exact warranties and representations that are being sued upon the fraudulent inducement claim made by Grady. Moreover, according to both the Declarations of Grady and Mr. Pieroni, Goldberg had the authority and consent of Mindy Goldberg in order to sell and negotiate to sell the shares of stock in USI to Grady. Therefore, there are facts in the record, based upon those Declarations which establish personal jurisdiction over Mindy Goldberg to satisfy the long-arm statute and the due process clause of the constitution.

Consistent with Torres, the Declarations show that there is specific personal jurisdiction over Mindy Goldberg because her actions with regard to providing her husband with the right, power and authority to act as her agent in Rhode Island to negotiate for the sales of her shares of stock in USI, which she owned solely and not in conjunction with her husband, together with her actions in forwarding the representations and actual stock certificates to Rhode Island, show that the cause of action for the

fraudulent misrepresentation regarding the sale of the stock arised directly out of or relates to the form based contacts of Mindy Goldberg and her agent, Edward Goldberg. Negron-Torres, 478 F. 3d at 24. Indeed, here the relatedness criteria from Negron-Torres has been met because there is a proximate cause nexus between the cause of action for fraud based upon the misrepresentations contained in the agreement delivered directly by Mindy Goldberg by Federal Express in Rhode Island and by the very same misrepresentations by her agent, Edward Goldberg with full authority, consent and approval. Consequently, there is a proximate cause nexus between the cause of action and the Rhode Island conducts of Mindy Goldberg and her agent.

Secondly, Mindy Goldberg purposely availed herself of Rhode Island jurisdiction and she gave her husband the authority, control, consent and ability to negotiate the sale of 50% of her shares of stock in USI to Grady. Those negotiations occurred over the phone, by e-mail and by personal contact in the State of Rhode Island with not only Mr. Grady but with Mr. Pieroni as well. Therefore, it is foreseeable that the contacts that Mindy Goldberg personally had with the forum state and by those contacts that she permitted her husband to make with the forum state on her behalf would subject her to suit in the State of Rhode Island.

Finally, it is reasonable to subject Mindy Goldberg to personal jurisdiction with in the State of Rhode Island based upon the gestalt factors. The burden of Mindy Goldberg appearing for trial in Rhode Island are de minimus. New Jersey is but a short train ride away and her deposition, if any, would have to be taken in New Jersey. Therefore, any inconvenience to her is extremely remote. Rhode Island, should indeed, contrary to the unsupported and unsubstantiated statements of the defense, have an interest in

adjudicating the matter in which one of its residents ran an office for one of the defendants, which office was located and operated in Rhode Island and substantially contributed to the local economy of the State of Rhode Island was defrauded by these very same defendants. Consequently, Rhode Island should have a particular interest in adjudicating this dispute. The Plaintiff does indeed have an interest in obtaining convenient and effective relief and the most convenient and effective relief for the Plaintiff would be in the State of Rhode Island where he has maintained his office for over twelve (12) years while working diligently, effectively and apparently blindly to the reception of his alleged partners. In addition, defendants believe that effective relief may only be obtained in New Jersey because there own judicial system has no particular interest in resolving this controversy. Again, this unsubstantiated, uncorroborated and indeed callas remark that the judiciary system in the State of Rhode Island has no interest in protecting the rights of its citizens. Finally, the defense urges that there are "no substantive social policies to be promoted by litigating the case in Rhode Island as opposed to in New Jersey. On the other hand, there are no substantive social policies to be promoted by litigating this case in New Jersey as opposed to litigating this case in Rhode Island and that the final distalt factor indicates that the Court should weigh a common interest of all sovereigns and promote a substantive social policy. The substantive policies to be promoted here are the resolution of fraud as been committed openly, willingly and grazingly upon a Rhode Island resident.

For all of these reasons, the Motion to Dismiss the cause of action against Mindy Goldberg based upon a perceived lack of personal jurisdiction over her in the State of Rhode Island be denied. Mindy Goldberg availed herself of the right to conduct business

in the State of Rhode Island by sending her husband, her agent, with full authority, consent and her cooperation to negotiate fraudulently for the sale of 50% of her shares of stock in USI. She also contributed to that fraud by executing an agreement and an original set of share certificates which she personally delivered via Federal Express to Grady in Rhode Island at the Rhode Island offices of USI.

WHEREFORE, based on the above, the Plaintiff, MICHAEL F. GRADY requests that this Court enter an Order which denies the Motion to Dismiss served by the Defendant, Mindy Goldberg based upon lack of in personam jurisdiction, directs her to answer the Amended Complaint for Damages and grants such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 14th day of

December, 2007 to: Armando E. Batastini, Esquire and Stephen M. Prignano, Esquire,

Edwards, Angell, Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, Rhode Island 02903

and Jay Auslander, Esquire, Joseph Zelmanovitz, Esquire and Natalie Shkolnik, Esquire, Siller,

Wilk, LLP, 675 Third Avenue, New York, NY 10017-5714.

MICHAEL F. GRADY, Pro Se
100 Jefferson Drive
E. Greenwich, RI 02818
401-834-9215
mgrady.mfgassociates@cox.net