# L

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL F. GRADY, a Rhode Island domiciliary,<br><br>Plaintiff,<br><br>-against-<br><br>EDWARD GOLDBERG, a New Jersey domiciliary, MINDY GOLDBERG, a New Jersey domiciliary, and UNIVERSAL SOURCING, INC., a New Jersey corporation,<br><br>Defendants. | Case No: 07-237S |

**REPLY DECLARATION OF DEFENDANT EDWARD GOLDBERG IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER THE ACTION**

EDWARD GOLDBERG solemnly declares under penalty of perjury, as follows:

1. I am one of the defendants in this action and am the operations manager of defendant Universal Sourcing, Inc. ("USI"). I submit this reply declaration in further support of defendants' motion, pursuant to 28 U.S.C. § § 1406(a) and 1404(a), to transfer venue to the United States District Court for the District of New Jersey. I have personal knowledge of the facts set forth below.

2. Plaintiff Michael Grady ("Grady"), does not dispute that, other than himself, *not one* of the parties in this action resides in Rhode Island. *All* defendants reside in New Jersey. And while Grady flippantly suggests that it would not be difficult for us to participate in a trial in Rhode Island, that is far from the truth: It would be very burdensome for my wife, defendant Darlene Mindy Goldberg, and I to leave our home and four young children (three of which are 10 years old and younger) to litigate this matter in Rhode Island and to attend trial there (Rhode Island is roughly four hours travel time away from our home). In fact, for my wife and I to leave

our four children to participate together in the trial of this matter in Rhode Island -- a trial that likely will not require only two days as Grady suggests with the air of a seasoned litigator -- would require substantial child-care and housekeeping gymnastics on our part. Indeed, I understand that the Honorable David L. Martin, United States Magistrate Judge, has previously criticized Grady (in his Memorandum and Order resolving Grady's motion to take jurisdictional discovery and for enlargement) for multiplying the costs of this litigation to defendants, all of whom reside out-of-state.

3. Moreover, in support of defendants' motion, I previously submitted a declaration dated August 29, 2007, listing the expected material trial witnesses and demonstrating that not one of those material witnesses resides in Rhode Island, except for Grady himself. Grady apparently concedes this, but contends (as though this were an evidentiary fait accompli) that the testimony of two of the witnesses, accountants for USI, would be "cumulative." That is not the case: The testimony of Messrs. Zelly Goldberg and Albert Tucker, the accountants, would not be cumulative, because they served as certified public accountants for USI at different times.

4. Grady also contends, without divulging the basis for his contention, that USI is no longer in business. Nonsense: USI remains in business at its New Jersey office located in Leonia, New Jersey, which is where USI has always transacted the overwhelming bulk of its business and where USI has always maintained its headquarters and much of its inventory. Although I had strongly considered shutting down USI and ceasing operations in Spring 2007, I ultimately determined not to do so and to keep USI operational. USI's books and records are still maintained at its Leonia, New Jersey, headquarters and those records will prove that Grady never paid any consideration for shares of stock in USI.

5. In sum, the United States District Court for the District of New Jersey is the more appropriate forum for this matter, because (i) New Jersey is where the relevant records are located, (ii) all of the parties to this action, except for Grady, reside in New Jersey, and (iii) two of the key witnesses, Mr. Albert Tucker and Ms. Karina Riftin, may be compelled by subpoena to testify in New Jersey, but not in Rhode Island.

6. For the above reasons and for the reasons set forth in defendants' reply memorandum of law, as well as in my original declaration and in defendants' moving memorandum of law on this motion, defendants respectfully request that, in the event the Court does not dismiss this action, the Court should transfer the action to the United States District Court for the District of New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of December 2007, in Teaneck, New Jersey.

EDWARD GOLDBERG