UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. CA 07-237S

Plaintiff,

v.

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**DECLARATION OF THE PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS AND TRANSFER**

MICHAEL F. GRADY ("Grady"), solemnly declares under penalty of perjury as follows:

1. Grady is the Plaintiff in this action. He submits this Declaration in support of his opposition to the motion seeking dismissal of the action against Mindy Goldberg for lack of personal jurisdiction and the motion to transfer to New Jersey.

2. USI suggests it is still an active corporation and production of its documents would hurt its business, and, therefore, these facts support transfer to New Jersey. Attached hereto, made a part hereof, and incorporated herein by reference as Exhibit "1" is a true and correct copy of a New Jersey State Business Gateway Service Corporate and Business Information Reporting which indicates that Universal Sourcing, Inc. ("USI") was suspended on March 16, 2007. As such, it is no longer an operating corporation in the State of New Jersey.

3. Moreover, on or about late April, 2007 or early May, 2007, in a coffee shop in

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

MICHAEL F. GRADY, a
Rhode Island domiciliary,

CASE NO. CA 07-237S

Plaintiff,

v.

EDWARD GOLDBERG, a
New Jersey domiciliary,
MINDY GOLDBERG, a
New Jersey domiciliary, and
UNIVERSAL SOURCING,
INC., a New Jersey corporation,

Defendants.

---

**MEMORANDUM OF LAW OF THE PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS OR TRANSFER**

The Plaintiff, MICHAEL F. GRADY ("Grady"), pursuant to the Federal Rules of Civil Procedure, 28 U.S.C. 1404(a) and 1406, and, the Local General Rules of the United States District Court for the District of Rhode Island, serves this his Memorandum of Law In Opposition to the Motion to Dismiss or Transfer, and, as his grounds therefore states as follows:

**INTRODUCTION**

In response to an Order entered by Magistrate Judge Martin which suggested that the original Complaint in the instant action did not allege fraud with sufficient specificity, but, before any answer or order which ruled upon the motion to dismiss the original Complaint was entered, Grady served an Amended Complaint which sets forth with much clearer and more detailed factual specificity the claims of fraud in the instant action. It should also be noted that the Amended Complaint