UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL F. GRADY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD GOLDBERG, MINDY GOLDBERG, and UNIVERSAL SOURCING, INC.,<br><br>Defendants. | Case No: 07-237ML |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT OR TO TRANSFER THE ACTION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................1

ARGUMENT ....................3

POINT I

THE STANDARDS GOVERNING MOTIONS TO DISMISS COMPEL THE DISMISSAL OF THE AMENDED COMPLAINT ....................3

POINT II

PLAINTIFF CANNOT PLEAD ALL OF THE ELEMENTS OF A CLAIM FOR FRAUDULENT INDUCEMENT ....................5

POINT III

THE AMENDED COMPLAINT FAILS TO PLEAD A CLAIM FOR FRAUDULENT INDUCEMENT WITH THE SPECIFICITY REQUIRED BY RULE 9(B) ....................5

POINT IV

PLAINTIFF'S DAMAGE CLAIM SHOULD BE DISMISSED ....................6

POINT V

NEW JERSEY IS THE MORE CONVENIENT FORUM ....................6

POINT VI

DEFENDANT DARLENE MINDY GOLDBERG SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ....................7

CONCLUSION ....................8

# TABLE OF AUTHORITY

## Cases

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007)........................................................................................... 3

*Bjartmarz v. Pinnacle Real Estate Tax Svc.,*
771 A.2d 124 (R.I. 2001)........................................................................................ 6

*Hersey v. Donaldson, Lufkin & Jenrette Securities Corp.,*
317 F.3d 16 (1st Cir. 2003)...................................................................................... 5

*McGovern v. Crossley,*
477 A.2d 101 (R.I. 1984)........................................................................................ 6

## Statutes

28 U.S.C. § 1404(a) ................................................................................................ 8

28 U.S.C. § 1406(a) ................................................................................................ 8

Fed. R. Civ. P. 9(b) .................................................................................... 1-3, 6, 8

Fed. R. Civ. P. 12(b)(2).............................................................................................. 1

Fed. R. Civ. P. 12(b)(6)..................................................................................... 1, 3, 5, 8

Defendants Edward Goldberg ("Goldberg"), Mindy Goldberg, and Universal Sourcing, Inc. ("USI"), respectfully submit this reply memorandum of law in further support of their motion for an order: (i) dismissing the amended complaint against all defendants pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b); (ii) dismissing the amended complaint as against defendant Mindy Goldberg, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction; or (iii) alternatively, transferring the action to the United States District Court for the District of New Jersey.

## PRELIMINARY STATEMENT

Plaintiff Michael F. Grady ("Grady") changes the theory of his case to avoid dismissal -- to no avail. While until now Grady had claimed that he was fraudulently induced to enter into a contract in 2001 to purchase a 50% interest in USI, he now emphasizes that "*beginning in late 1996*, he agreed to a partnership relation on a 50/50 basis with Goldberg and Mindy Goldberg in USI" (emphasis added). (Plaintiff Mem. at 4).[1] But changing the date of the agreement from 2001 to 1996 does not salvage Grady's amended complaint from dismissal for the failure to state a claim for relief. Every representation alleged in the amended complaint occurred *after* this 1996 purported agreement. Therefore, none of the representations could have induced Grady into entering into a contract. And if Grady were to revert back to his theory of a 2001 agreement, it makes no sense to conclude that representations made in 1996 and repeated thereafter could possibly induce the entry into an agreement five years later -- especially when Grady claims that he threatened to quit many times over the years when none of the alleged promises were realized.

---

[1] Grady's memorandum of law does not contain page numbers. Our reference to page "4" of that memorandum refers to the fourth page.

Grady ignores the admonishment he received from Magistrate Judge Martin to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure. Instead, he invents new theories, attempting to insert them within the ambiguous, non-particularized allegations of his pleading. But none of the defects of his original complaint and the amended complaint have been remedied. There is still no explanation -- no allegation -- how any alleged representation supposedly induced Grady to enter into the alleged agreement (whether in 1996 or 2001). There is still no detail concerning the alleged representations that complies with Rule 9(b). And there is still no explanation how Grady could possibly have justifiably relied on any alleged misrepresentation: to repeat, Grady alleges he threatened time and again to quit working for USI because promises were not kept. He relied on nothing.

Grady also cannot explain his contradictory damages claim. If, as Grady has stated, he "is not suing upon the agreement itself," then he cannot allege damages premised on the agreement being in force. Grady cannot have it both ways: If he disaffirms the contract, then he cannot recover damages for breach of contract.

Finally, Grady alleges that Rhode Island is not an inconvenient forum compared to New Jersey. But Grady cannot reconcile that position with the undisputed facts that: (i) Grady agreed that the alleged contract was entered into in New Jersey and is governed by New Jersey law; (ii) all parties except Grady are New Jersey residents; (iii) USI's documents are located at its New Jersey offices; and (iv) key witnesses are out-of-state residents and include persons residing in or around New York City/New Jersey.

Accordingly, defendants' motion should be granted.

## ARGUMENT

### POINT I

### THE STANDARDS GOVERNING MOTIONS TO DISMISS COMPEL THE DISMISSAL OF THE AMENDED COMPLAINT

Grady attempts to describe the legal principles governing motions to dismiss under Rule 12(b)(6), but does not address the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007), cited in defendants' main brief (at p. 11), which mandates more than just a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65.

As defendants' principal memorandum points out, Grady never pleads *facts* showing how any alleged representation induced him to enter into the agreement with Goldberg to acquire 50% of the outstanding shares of USI. And now that Grady has filed his response to defendants' motion to dismiss, defendants are even at a greater loss to discern what they are alleged to have done: is it that they fraudulently induced Grady to enter into an agreement in 1996 (through representations that are not even alleged in the amended complaint, for all representations allegedly occurred thereafter), or is it that defendants made representations in 1996 and 1997 and thereafter, the breach of which allegedly caused Grady to quit USI five times over a five-year period, but nevertheless induced Grady to enter into an agreement in 2001? Rules 12(b)(6) and 9(b) require Grady to plead his allegations plainly and to particularize precisely what defendants' allegedly did that render them liable to Grady. It should not be a guessing game thrown into the Court's and defendants' laps to determine.

Grady first argues that "in late 1996, he agreed to a partnership relation on a 50/50 basis with Goldberg and Mindy Goldberg in USI." (Plaintiff Mem. at 4.) Grady then recites the

allegations in his amended complaint, to the effect that "Goldberg failed and refused to commit the representations to a *written* agreement." (*Id.*; emphasis added.) Grady then argues that he "built up a huge equity over the previous three (3) years from when the stock transfer agreement was originally made." (*Id.* at p. 5.) Thus, Grady again contends that this alleged fraudulently induced agreement was entered into in 1996. And, again, there is no explanation how any representations made *after* the agreement was entered into could induce, retroactively, an agreement reached earlier. Thus, while Grady alleges that "specific misrepresentations contained in the amended complaint, all made by Goldberg, have specific dates, such as February 15, 2002, February 21, 2002 and February 26, 2002" (*id.*), none predated the agreement. All he alleges is that these were the "same representations" that had been made "since 1996-1997." *Id.* at p. 6.

At most, the "facts" alleged by Grady could possibly constitute a claim for breach of a contract for the sale of securities -- the agreement of 1996 -- not fraudulent inducement. And Grady deliberately avoids pleading any breach of contract claim. Why? Because the statute of limitations on a breach of contract claim is ten years under Rhode Island law, G.L. § 9-1-13(a), or six years under New Jersey law, N.J.S.A. 2A:14.1. Thus, Grady's breach of contract claim expired long ago, either in 2006 or 2002.

Indeed, with Grady now alleging that his fraudulent inducement claim arises from a 1996 agreement which was immediately breached, even the fraudulent inducement claim is time-barred: this action was commenced in 2007, and the 10-year statute of limitations for fraud, G.L. § 9-1-13(a), expired in 2006.

## POINT II

## PLAINTIFF CANNOT PLEAD ALL OF THE ELEMENTS OF A CLAIM FOR FRAUDULENT INDUCEMENT

As we point out in defendants' principal memorandum, the amended complaint fails to allege how Grady was led to believe the representations (and none precede the 1996 agreement) and thereby entered into the agreement to acquire shares of stock in USI. Not one fact is alleged showing Grady's reliance on any representation.

Nor has Grady answered the basic questions raised in defendants' principal memorandum which render his claim wholly illusory: How could a representation appearing in the agreement have induced Grady to enter into that same agreement? And how can Grady have relied on any representation (and he does not plead facts that he did rely) when he alleges that he was so "fed up" with Goldberg that he threatened to sever their relationship on at least five separate occasions over the course of five years? *See Hersey v. Donaldson, Lufkin & Jenrette Securities Corp.*, 317 F.3d 16, 24 (1st Cir. 2003) (reliance on misrepresentation was not reasonable where plaintiff was a well-educated, intelligent man with business experience, who "could not have trusted [defendant], considering the numerous times he questioned [defendants'] competence and judgment"). Thus, while Grady asserts in conclusory fashion that he relied on the alleged representations, the facts alleged in the complaint demonstrate the absence of any reasonable reliance -- a necessary element of a fraud claim.

## POINT III

## THE AMENDED COMPLAINT FAILS TO PLEAD A CLAIM FOR FRAUDULENT INDUCEMENT WITH THE SPECIFICITY REQUIRED BY RULE 9(b)

Given that Grady's pleading fails to state a claim for fraudulent inducement sufficient to satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure, it certainly falls far short of

satisfying Rule 9(b)'s stringent pleading requirements. The fact that no reliance is specified, that damages are pleaded incorrectly, and that it is difficult to discern when the agreement that is the subject of the fraudulent inducement claim was entered into, renders the pleading dismissible under Fed. R. Civ. P. 9(b).

**POINT IV**

**PLAINTIFF'S DAMAGES CLAIM SHOULD BE DISMISSED**

Defendants' principal memorandum points out that Grady's alleged damages are predicated on the existence of a contract on which he is not suing. The damages allege "benefit of the bargain damages" in lost commissions and rights, which are not recoverable when the agreement is disaffirmed. Grady's response, that he "seeks all damages he sustained as a result of the fraudulent inducement" (Plaintiffs' Mem. at 9), is obviously no answer at all. "[I]f one is induced to enter into a contract based upon a fraudulent statement from the other party to the contract, then the party who has been fraudulently induced is not bound by the contract." *Bjartmarz v. Pinnacle Real Estate Tax Svc.*, 771 A.2d 124, 127 (R.I. 2001). The injured party may then "rescind the contract or affirm the contract and sue for damages in an action for deceit." *McGovern v. Crossley*, 477 A.2d 101 (R.I. 1984). By his own words, Grady has opted for the former. He cannot sue for damages affirming the contract while disaffirming it at the same time.

**POINT V**

**NEW JERSEY IS THE MORE CONVENIENT FORUM**

Grady cannot dispute the following facts, which demonstrate that the United States District court for the District of New Jersey is a more suitable and convenient forum for this lawsuit if it is not dismissed:

1. The alleged agreement Grady claims he was induced to enter into provides that it is to be governed by New Jersey law and was entered into in New Jersey.

2. All parties except Grady reside in New Jersey.

3. Key witnesses reside outside of Rhode Island and in or close to the New York/New Jersey area.

4. USI's documents are located in New Jersey.

Grady claims that all "selected" documents can be placed on disks and transported. That does not address the need for documents at trial, especially if not pre-selected and which must be produced on short notice. Grady also submits a declaration that he was told that USI would no longer be in business. Whether or not there was the possibility of the company shutting down is irrelevant. The fact is, as Mr. Goldberg states in his reply declaration, "USI remains in business at its New Jersey office located in Leonia, New Jersey...." Reply Declaration of Defendant Edward Goldberg in Further Support of Defendants' Motion to Transfer the Action, dated December 28, 2007, at ¶ 4.

## POINT VI

## THE ACTION SHOULD BE DISMISSED AGAINST DEFENDANT (DARLENE) MINDY GOLDBERG FOR LACK OF PERSONAL JURISDICTION

Grady disingenuously suggests, based on a New Jersey State Reporting Service, that "the role of Mindy Goldberg was much greater and more expansive than the role she describes in her declarations filed in this action." Declaration of the Plaintiff in Opposition to the Motion to Dismiss and Transfer, dated February 4, 2008, at ¶ 6. Grady knows full well that Mindy Goldberg had no part in any alleged representation. Indeed, the amended complaint does not allege a single misrepresentation made by Mindy Goldberg to Grady, which is why Grady relies

exclusively on his flawed agency theory to ensnare Mindy Goldberg in his fraudulent inducement claim. After all, Grady was the recipient of the alleged misrepresentations. If Mindy Goldberg had made any to him, Grady would have prominently featured those alleged direct misrepresentations in the amended complaint. The silence is deafening.

There is also nothing new about Mindy Goldberg being an officer of USI. As we stated months ago, "Mindy Goldberg is an officer of USI, as its president, but is not an employee and she received no compensation from USI." Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint or, Alternatively, to Transfer the Action to the District of New Jersey, dated August 30, 2007, at 11 n.1. That does not make her subject to personal jurisdiction in Rhode Island, especially since Grady tacitly admits (by the absence of any allegation to the contrary in this amended complaint) that Mindy Goldberg made no representations to him.

## CONCLUSION

For the above reasons, the amended complaint should be dismissed with prejudice pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Independent of these grounds, the action should be dismissed as against defendant Mindy Goldberg for lack of personal jurisdiction. To the extent the Court is not inclined to dismiss the case outright, defendants respectfully request that the action be transferred, pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), to the United States District Court for the District of New Jersey.

Dated: February 21, 2008

EDWARD GOLDBERG,
MINDY GOLDBERG, AND
UNIVERSAL SOURCING, INC.

By its Attorneys,

/s/ Armando E. Batastini
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(fax) (401) 276-6611

SILLER WILK LLP
Jay S. Auslander
Natalie Shkolnik
Joseph Zelmanovitz (Of Counsel)
675 Third Avenue – 9th Floor
New York, New York 10017
(212) 421-2233
(fax) (212) 752-6380

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 21st day of February, 2007, that this document has been filed electronically and is available for viewing and downloading to the following ECF registered participant and also was served by first class mail, postage prepaid, and by facsimile to the following party:

Michael F. Grady
100 Jefferson Drive
East Greenwich, RI 02818
mgrady3@cox.net

/s/ Armando E. Batastini